**PETER HENDERSON OIL COMPANY and Pinnacle Company, Plaintiffs-Appellants,**

v.

**CITY OF PORT ARTHUR, TEXAS, et al., Defendants-Appellees.**

No. 86–2054.

United States Court of Appeals, Fifth Circuit.

Jan. 6, 1987.

Louis Paine, Butler & Binion, Arthur Val Perkins, Houston, Tex., for plaintiffs-appellants.

Kyle Wheelus, Jr., Weller, Wheelus & Green, David L. Tolin, Beaumont, Tex., for defendants-appellees.

Before RUBIN, JOHNSON, and JONES, Circuit Judges.

EDITH H. JONES, Circuit Judge:

Appellants Peter Henderson Oil Company and Pinnacle Company appeal from a summary judgment rejecting their claims against the City of Port Arthur and various city departments and officials. Because we find that the appellants' cause of action was time-barred, we affirm.

I.

This case involves an oil and gas well known as the Montrose No. 1 in Jefferson County, Texas. When drilled and completed in 1959, the well lay outside the Port Arthur city limits. Subsequently, the City annexed the land that included the Montrose No. 1, and in 1960 the City promulgated its oil and gas ordinance, requiring, *inter alia*, a city permit for any drilling activity inside the city limits, as well as the consent of all property owners within 700 feet of the proposed well. In 1972, the Montrose No. 1 was plugged and abandoned. Shortly afterwards, the City enacted a comprehensive zoning ordinance, which zoned the property on which the Montrose No. 1 was located as SF–1 (single family residential district) and prohibited oil and gas drilling operations in such areas unless Special Use Permits were granted.

In 1978, Appellant Peter Henderson Oil Company sought permission to reenter and rework the well. On April 9, 1979, the City Council passed Ordinance 79–23, which granted Appellant a Special Use Permit on the express condition that the requirements of the oil and gas ordinance, including the consent requirement, be met. In 1983, some four years later, Appellants' agent filed a "Supplemental Drilling Permit Application," again seeking permission to rework the Montrose No. 1 well, but failed to include the requisite permission from nearby landowners. On February 7, 1984, the city council refused appellant's request to delete the consent requirement from the Special Use Permit. Shortly thereafter, Appellants' "Supplemental Drilling Permit Application" was rejected as incomplete due to the absence of the necessary permission from nearby landowners.

Appellants filed suit against the City in September 1984, seeking relief under 42 U.S.C. § 1983 and various other state and federal civil rights provisions, and seeking to have the consent requirement declared unconstitutional. Both sides filed motions for summary judgment. Holding that Ordinance 79–23 did not unconstitutionally delegate the city's police power under the federal constitution, the district court granted the city's motion for summary judgment on all counts. It rejected a limitations defense. This appeal followed.

II.

In a federal civil rights action, the most appropriate state statute of limitation applies. *Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938, 1947, 85 L.Ed.2d 254 (1985). The Texas two-year statute of limitations,

Tex.Rev.Civ. & Rem.Code § 16.003, has been found to control in such cases, *Longoria v. City of Bay City, Texas,* 779 F.2d 1136 (5th Cir.1986), and the parties here do not dispute its applicability.

The question in this case is when the appellants' cause of action accrued. Section 1983 actions accrue when the injured party knows or has reason to know of the injury which forms the basis for the action. *Longoria,* 779 F.2d at 1138. Appellants' injury in this case is their inability to rework the Montrose No. 1 unless they comply with the assertedly unconstitutional consent requirement of the city oil and gas ordinance. On April 9, 1979, when the city passed ordinance 79–23, Appellants were given explicit, unambiguous notice that the property would be subject to the requirement of consent by nearby landowners. Their injury therefore dates from that time. As suit was not filed until September 1984, more than five years later, Appellants' action is barred by the statute of limitations.

Appellants' argument, sans direct supporting authority, that they lacked standing to challenge the ordinance until 1984 is unsound. Accepting, *arguendo,* the contention that the consent requirement unconstitutionally delegates the city council's legislative power, any impermissible delegation affecting appellants occurred in 1979, when the City issued the Special Use Permit subject to the consent requirement. This action immediately interfered with appellants' rights, because it conditioned their use of the property containing the Montrose No. 1 well upon an allegedly unconstitutional requirement, thus Appellants had standing to assert a § 1983 cause of action at that time. See *Hill v. Trustees of Indiana University,* 537 F.2d 248 (7th Cir. 1976) (Kunzig, J., concurring) (section 1983 cause of action arises at the time the tortfeasor interferes with the victim's rights). That the relief sought might have been marginally different in 1979 than in 1984 is of no import: the crucial fact is that appellants could have brought this case in 1979 but chose to wait over five years, until the statute of limitations had run.

As this case is time-barred, we need not pass on the other issues raised by Appellants.

AFFIRMED.