Randall **DETRO**

v.

**Buddy ROEMER, et al.**

**Civ. A. No. 89–5455.**

United States District Court, E.D. Louisiana.

June 4, 1990.

See also, 732 F.Supp. 673.

Risley C. Triche, Napoleonville, La., for plaintiff.

Stephen M. Irving, Baton Rouge, La., for defendants.

## ORDER AND REASONS

FELDMAN, District Judge.

Randall Detro is the former Director of the Library at Nicholls State University. After an audit of the library revealed some problems with the cataloging and purchasing of library acquisitions, he was discharged. He now brings this civil rights action against Governor Buddy Roemer, Bill Lynch, the former Inspector General, and three former employees of the Office of the Inspector General, David Morales, Elizabeth Schexnayder, and Joe Green. In an earlier decision on the defendants' motion to dismiss, the Court held that the

plaintiff's complaint states § 1983 claims for violation of Fourth, Fifth, Sixth and Fourteenth Amendment rights. Defendants now move for summary judgment.

The plaintiff's complaint, which was filed on December 22, 1989, states a number of discrete events: that the defendants searched and seized his office on July 22, 1988, that he was interrogated without counsel until August 22, 1988, that on December 19, 1988 the defendants issued a report which libeled the plaintiff, and that on January 27, 1989 he was discharged from the position of Director of the Library. Except for his discharge, all of these events occurred more than one year before the filing of the plaintiff's complaint. Defendants contend that claims based on these acts are prescribed.

I. *A Continuing Violation, Or Not?*

■ In *Wilson v. Garcia,* 471 U.S. 261, 276–280, 105 S.Ct. 1938, 1947–1950, 85 L.Ed.2d 254 (1985), the Supreme Court held that the appropriate statute of limitations to be applied in all § 1983 actions is the state statute of limitations governing actions for personal injury. Thus, the plaintiff's claim is subject to the one year prescriptive period for delictual actions set out in La.C.C. Art. 3492.

■ The plaintiff contends that the prescriptive period does not begin to run until the wrongful conduct ends. His position has been rejected by other courts. In *McCune v. City of Grand Rapids,* 842 F.2d 903 (6 Cir.1988), McCune argued that his wrongful arrest, wrongful incarceration, wrongful prosecution, and the wrongful suppression of evidence constituted a continuing tort and, therefore, the statute of limitations did not accrue until the continuing wrongful conduct ended. The Sixth Circuit rejected this argument:

"the false arrest, malicious prosecution, and wrongful suppression of exculpatory evidence constitute discrete wrongs (i.e., separate torts with separate elements), and they will not be viewed by this court as a continuing violation."

842 F.2d at 906. The court went on to find that the claim for false arrest arose on the date the arrest was made and that the

claim for malicious prosecution arose with the favorable termination of the underlying criminal proceeding. The Second Circuit rejected a similar argument in *Singleton v. City of New York,* 632 F.2d 185, 191 & n. 5 (2 Cir.1980) *cert. denied,* 450 U.S. 920, 101 S.Ct. 1368, 67 L.Ed.2d 347 (1981).

■ A comparison to cases involving a conspiracy to deprive one's civil rights supports *McCune.* Where a conspiracy is alleged, the cause of action runs separately from each overt act that is alleged to cause damage to the plaintiff. Thus, the plaintiff may recover only for the overt acts that have occurred within the limitations period. The plaintiff cannot toll the running of the statute of limitations simply by asserting that a series of separate wrongs were committed pursuant to a conspiracy. *Scherer v. Balkema,* 840 F.2d 437 (7 Cir.1988); *Gibson v. United States,* 781 F.2d 1334 (9 Cir.1986).

■ The principles just discussed must apply to this case; plaintiff's argument that the actions of the defendants constitute a continuing tort must fail. The plaintiff's claims for deprivation of Fourth, Fifth, Sixth, and Fourteenth Amendment rights are separate wrongs which do not comprise a continuing violation. The plaintiff cannot toll the running of the statute of limitations by asserting that a series of wrongs were committed by the same defendants. The Court must therefore examine each discrete claim to determine whether it is barred by the applicable statute of limitations. *See McCune,* 842 F.2d at 906. Guiding this inquiry is the notion that the prescriptive period for a § 1983 claim begins to run when the plaintiff knows or has reason to know of the injury which forms the basis of his claim. *Peter Henderson Oil v. City of Port Arthur,* 806 F.2d 1273, 1275 (5 Cir.1987).

II. *The Claims*

A.

■ Plaintiff's first claim is that the defendants' search and seizure of his office deprived him of rights secured by the Fourth Amendment. The search and sei-

zure, according to plaintiff's complaint, occurred on July 22, 1988. In his opposition to the defendants' motion, plaintiff states that he was present· when his office was padlocked. At that time, he knew or had reason to know of the injury which is the basis of his claim of deprivation of Fourth Amendment rights. This claim is therefore barred by the one year prescriptive period.

### B.

Plaintiff's second claim is that the defendants deprived him of rights secured by the Fifth Amendment when they conducted a custodial interrogation without informing him of his right to remain silent. The plaintiff's § 1983 cause of action for failure to inform him of his Fifth Amendment rights accrues on the date on which the interrogation took place. Plaintiff's complaint states that he was ordered to appear for interrogation several times until August 22, 1988. Thus, plaintiff knew or had reason to know on August 22, 1988, at the latest, of the injury which is the basis of his claim for deprivation of Fifth Amendment rights. This claim is also barred by the one year prescriptive period.

### C.

Plaintiff's third claim is for deprivation of Sixth Amendment rights. This claim arises out of the same interrogations that occurred through August 22, 1988 and is therefore similarly barred.

### D.

Plaintiff's final claim is for deprivation of Fourteenth Amendment rights. Plaintiff alleges in his complaint that on December 19, 1988 the defendants held a press conference and distributed a report about the investigation of Nicholls State that libeled him. Plaintiff was later discharged, on January 27, 1989. Discharge from public employment under circumstances that put the employee's reputation at stake gives rise to a liberty interest under the Fourteenth Amendment which entitles one to a procedural opportunity to clear one's name. *Rosenstein v. City of Dallas*, 876 F.2d 392, 395 (5 Cir.1989). In its previous order, the Court held that plaintiff's complaint failed to state a § 1983 claim for the denial of a name clearing hearing upon which relief can be granted.

### E.

Discharge from public employment is not the only interest that can establish a liberty interest in one's reputation. When the defamation occurs in connection with the violation of other kinds of constitutional rights, the injury to the plaintiff's reputation implicates the deprivation of a liberty interest. *Marrero v. City of Hialeah*, 625 F.2d 499 (5 Cir.1980). Here, the defendants issued a report criticizing the plaintiff on December 19, 1988, subsequent to the alleged violations of plaintiff's Fourth, Fifth and Sixth Amendment rights. Plaintiff's due process claim filed on December 22, 1989, more than one year later, therefore appears to be facially barred.

When an action appears to have prescribed on the face of the complaint, the plaintiff bears the burden of establishing facts which would interrupt or suspend prescription. *Ayo v. Johns–Manville Sales Corp.*, 771 F.2d 902 (5 Cir.1985). The plaintiff has failed to meet this burden. He has offered no evidence tending to show that he did not know or had no reason to know that the allegedly libelous statements had been made on December 19, 1988, or their impact on him. Accordingly, the plaintiff's Fourteenth Amendment claim of deprivation of a liberty interest in his reputation because of a libel is time barred.[1]

---

1. When a public employee has a property interest in his continued employment, the state cannot deprive him of this property without due process. *Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 105 S.Ct. 1487, 1491, 84 L.Ed.2d 494 (1985). Property interests are not created by the Constitution; "they are created and their dimensions are defined by existing rules or understanding that stem from an independent source such as state law." *Id.* (citations omitted). Although plaintiff refers to *Loudermill,* he does not contend or provide any evidence tending to show that he had a property interest in his position as the Director of the Library at Nicholls State University that would give rise to the right to a pretermination opportunity to

### III. *Conclusion*

Accordingly, for the foregoing reasons, defendants' Motion for Summary Judgment is GRANTED as to plaintiff's civil rights claims. Plaintiff's pendant state law claims, to the extent he asserts them, are dismissed without prejudice. Judgment will be entered.