Connie SHEEHAN

v.

Tim RYAN, et al.

No.  CIV. A.  00–0463.

United States District Court,
W.D. Louisiana,
Alexandria Division.

June 14, 2000.

Robert I Thompson, III, Shreveport, LA, for Connie Sheehan, plaintiffs.

Tara B Cochran, Office of Rodney M Rabalais, Thomas Eugene Papale, Knoll Law Firm, Marksville, LA, for Tim Ryan, Joe Doe, Jim Doe, John Doe, Bobby Sheehan, Robert Sheehan, defendants.

### RULING

LITTLE, Chief Judge.

Before this court is defendants Tim Ryan's and Robert Sheehan's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons that follow, we GRANT defendants' motion to dismiss.

### I. Background

On 10 February 1998, Connie Sheehan ("Sheehan") was arrested for disturbing the peace by defendants Tim Ryan and two other unidentified Avoyelles Parish sheriff's deputies. Initially, it was unclear who had reported Sheehan to the police. Sheehan later found out that the arrest was instigated by her ex-husband, Robert Sheehan. After her arrest, Sheehan was held in the parish jail for seven hours and then released. Two days later, two different deputy sheriffs from Avoyelles Parish again arrested Sheehan. Sheehan remained in prison until 10 March 1998. On the date of her release, Sheehan's ex-husband informed her that she was released to his custody.

Sheehan filed a complaint in this matter on 8 March 2000 pursuant to 42 U.S.C. § 1983, alleging that Avoyelles Parish police officer Tim Ryan, Bobby Sheehan,[1] and certain other unnamed individuals vio-

---

1. In her complaint, Sheehan refers to her ex-husband as "Bobby Sheehan." In their motion to dismiss, defendants refer to this individual as "Robert Sheehan." Robert Shee-han apparently is a private individual not connected to the Avoyelles Parish sheriff's department.

lated her Fourth, Sixth, and Fourteenth Amendment rights by conspiring to unlawfully arrest her without cause. According to her complaint, Sheehan "has learned that all records of her arrests have disappeared and that no charges were ever filed" against her. Pl.'s Compl. ¶ 13. Sheehan requests reasonable and punitive damages along with attorney fees and costs with interest. On 5 May 2000, defendants Tim Ryan and Robert Sheehan, on behalf of all defendants, filed a motion to dismiss pursuant to Rule 12(b)(6). The defendants assert that the one-year statute of limitations applicable to plaintiff's section 1983 suit through Article 3492 of the Louisiana Civil Code, has prescribed, barring plaintiff's suit. According to defendants, the allegations in plaintiff's complaint indicate that her claims against defendants accrued either on 12 February 1998 or 10 March 1998. Accepting either date, defendants urge that plaintiff's ability to bring a claim arising out of the alleged incidents lapsed far prior to March 2000, the date plaintiff finally filed her complaint in this court. In her motion in opposition, plaintiff insists that her complaint was timely filed since the defendants' conspiracy against her did not end until she learned that no charges had been filed against her in early March 2000.

## II. Analysis
### A. Standard for Motion to Dismiss

■ A motion to dismiss under Rule 12(b)(6) " 'is viewed with disfavor and is rarely granted.' " *Shipp v. McMahon*, 199 F.3d 256, 260 (5th Cir.2000)(citing *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982)). The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *See Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir.1986). This court may not dismiss a complaint under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v.*

*Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). When a successful affirmative defense, such as prescription, appears on the face of the pleadings, dismissal under Rule 12(b)(6) may be appropriate. *See, e.g., Songbyrd, Inc. v. Bearsville Records, Inc.*, 104 F.3d 773, 775 n. 3 (5th Cir.1997).

### B. Statute of Limitations

■ The defendants argue that plaintiff's claims are barred by the statute of limitations. In *Wilson v. Garcia*, 471 U.S. 261, 276–80, 105 S.Ct. 1938, 1947–50, 85 L.Ed.2d 254 (1985), the Supreme Court held that the appropriate statute of limitations to be applied in all section 1983 actions is the state statute of limitations governing actions for personal injury. In Louisiana, a plaintiff has one year from the date on which the alleged wrong occurred to file a claim for violation of her constitutional rights. *See Watts v. Graves*, 720 F.2d 1416, 1423 (5th Cir.1983); *Jones v. Orleans Parish Sch. Bd.*, 679 F.2d 32, 35 (5th Cir.1982); *see also* La. Civ.Code Ann. art. 3492 (one-year limitation period for torts). To determine when a plaintiff's cause of action accrues, however, the court must turn to federal law. *See Moore v. McDonald*, 30 F.3d 616, 620–21 (5th Cir. 1994); *Helton v. Clements*, 832 F.2d 332, 334 (5th Cir.1987). Under federal law, a cause of action accrues "the moment the plaintiff knows or has reason to know of the injury that is the basis of his complaint." *See Helton*, 832 F.2d at 334–35.

In an effort to avoid being dismissed on prescription, plaintiff insists that defendants' actions encompass a conspiracy that she did not learn of until she was informed that there would be no charges filed against her in early March, 2000. The Fifth Circuit has rejected this argument. *See Helton*, 832 F.2d at 335; *Detro v. Roemer*, 739 F.Supp. 303, 305 (E.D.La. 1990). Instead, courts have held that a plaintiff's cause of action runs separately from each overt act that the plaintiff alleges as part of the conspiracy. *See Helton*,

832 F.2d at 335. In her complaint, Sheehan points to the following overt acts: (1) her arrest on 8 February 2000; and, (2) her re-arrest two days later. To determine whether plaintiff has any cognizable section 1983 claim based on these overt acts, we will address each of her proffered constitutional grounds for relief.

### 1. *Sixth Amendment Claim*

■ Sheehan bases her Sixth and Fourteenth Amendment claim on the fact that she was arrested without being informed of the nature and cause of the accusation against her. Sheehan's Sixth Amendment right to be informed of the nature of the accusations against her does not arise until the prosecution is committed to pursuing criminal charges against her. *See Kirby v. Illinois,* 406 U.S. 682, 684, 92 S.Ct. 1877, 1882, 32 L.Ed.2d 411 (1972); *Jones v. City of Jackson,* 203 F.3d 875, 880 (5th Cir.2000). Here, the plaintiff admits in her complaint that the government has never filed charges against her. It is clear that the government has never been committed to prosecution of her case. As such, Sheehan's right to be informed of the nature of the accusations against her was not implicated and she may not invoke the Sixth Amendment as the basis for her section 1983 claim.

### 2. *Fourth and Fourteenth Amendment Claims*

■ Sheehan also alleges that the defendants violated her Fourteenth Amendment right to be free from deprivation of liberty without due process of law and her right to equal protection of the laws. Although Sheehan's claims are vague, she apparently bases her constitutional claims on the fact that she was arrested and imprisoned without a warrant and without

cause, in violation of her right not to be deprived of liberty without due process of law.[2] *See* Pl.'s Compl. ¶ 15. Her complaint also seems to allege a Fourth Amendment violation for unlawful seizure. *See id.* ¶ 1. In essence, her claims are analogous to false arrest and false imprisonment claims. "In the context of ... a claim for wrongful arrest and confinement, it is the plaintiff's knowledge of those two events that triggers the limitations period." *Jacobsen v. Osborne,* 133 F.3d 315, 319 (5th Cir.1998).[3] In *Jacobsen,* the plaintiff was arrested and jailed for interfering with a police investigation and was released the following day. Charges against him were later dismissed. The Fifth Circuit found that an arrestee's cause of action based on wrongful arrest and confinement accrued, at the latest, on the date the plaintiff was released from confinement. *See id.*

■ Sheehan was arrested on 10 February 1998 and again on 12 February 1998. Her complaint alleges that her arrest was not made pursuant to a warrant or other valid cause. At the time she was arrested, Sheehan had knowledge of the events that gave rise to this lawsuit. Her cause of action, therefore, "accrued" at the time of her arrest, or, at the very latest, when she was released from custody. *See id.; see also Pete v. Metcalfe,* 8 F.3d 214, 218 n. 6 (5th Cir.1993)(explaining that arrestee's cause of action accrued, at the latest, when he was released from custody); *Rose v. Bartle,* 871 F.2d 331, 351 (3d Cir.1989)(concluding that a false arrest claim accrues on the date of arrest because the arrestee would have reason to know of the unlawful arrest on that date); *McCune v. City of Grand Rapids,* 842 F.2d 903, 906 (6th Cir.1988)(finding that cause of action for

---

**2.** Even reading the plaintiff's complaint liberally, the court cannot ascertain the nature of the plaintiff's equal protection clause.

**3.** Because no criminal charges were ever filed against Sheehan, this case does not implicate the Supreme Court's holding in *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129

L.Ed.2d 383, 394 (1994), where the Court found that a "section 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." *See id.* at 489–90, 114 S.Ct. at 2373–74.

false arrest arises at time of arrest). Sheehan did not file her complaint until 10 March 2000, well beyond the one-year statute of limitations set forth in La. Civ.Code Ann. art. 3492. Her claim based on false arrest thus is barred by the one-year prescriptive period for tort actions.

■ Sheehan's claim based on false imprisonment is likewise untimely. Sheehan was released from custody on 10 March 1998. On that date, Sheehan was aware of the facts that gave rise to this lawsuit. Accordingly, she had one year from the date of her release to bring a claim based on her wrongful imprisonment. *See Jacobsen*, 133 F.3d at 319; *see generally Pete*, 8 F.3d at 218 (suggesting that a claim for wrongful imprisonment may accrue on the date the detainee is released, but declining to affirmatively make such a holding); *Keko v. Hingle*, No. 98–2189, 1999 WL 508406, at * 5 (E.D.La. July 8, 1999)(finding that a cause of action for false imprisonment accrues on the date the detainee is released). As Sheehan did not file suit until almost *two* years after her arrest and release, we conclude that her claims are barred by the one-year statute of limitations applicable to section 1983 suits brought in Louisiana courts.

■ Based on the foregoing discussion, we reject Sheehan's argument that her section 1983 suit did not accrue until 10 February 2000 when the statute of limitations for prosecuting her for breach of the peace expired under La.Code Crim. Proc. Ann. art. 572, or, alternatively when she was informed that no criminal charges would be filed in early March, 2000. Sheehan's assertion that the defendants conspired against her does not change the analysis. A plaintiff alleging a conspiracy can only recover for overt acts that occurred within the limitations period. *See Helton*, 832 F.2d at 335; *Detro*, 739 F.Supp. at 305. Sheehan has not alleged any overt acts by defendants after the date on which she was released from custody. The only overt acts Sheehan alludes to are her arrest and her release. Her cause of action for conspiracy, therefore, accrued at the same time as her claims based on her alleged improper arrest and imprisonment. The fact that she did not learn that there would be no charges filed against her until March, 2000 is not sufficient to show an overt act of conspiracy on the part of the defendants. We also note that Sheehan has not cited any case law to support her contention that her cause of action did not accrue until she learned that no criminal action would be taken against her.

## III. Conclusion

Sheehan did not file her claims protesting her arrest and subsequent incarceration in February and March 1998 until almost two years after the incident occurred. Under federal law, Sheehan's claims accrued on the date she was arrested and the date she was released from custody. As Sheehan had one year to file her section 1983 complaint after the date of accrual, we conclude that her claims are barred by the statute of limitations. Accordingly, defendants' motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is GRANTED, and plaintiff's complaint is DISMISSED WITH PREJUDICE.