11th
Court of Appeals

                                                               
Eastland, Texas

                                                                        Opinion

 

City of
Dallas

Appellant

Vs.                   No. 11-03-00061-CV B
Appeal from Dallas County

Jim
Lowenberg et al

Appellees

 

The focus of this class action lawsuit is upon a
claim that a Dallas City ordinance is unconstitutional.  The trial court ultimately denied summary
judgment relief to the City of Dallas. 
The trial court granted a summary judgment for appellees in the amount
of $1,847,454.36, representing refunds of monies paid by appellees under the
ordinance as well as prejudgment interest. 
That amount also includes attorneys=
fees that the court found to be payable by the City after a separate trial on
attorneys=
fees.  Because we find that appellees= claims are barred by limitations, we
reverse and render judgment for the City.

The summary judgment evidence shows that on
September 28, 1994, the City of Dallas passed an ordinance in which the City
required that owners and others exercising control of nonexempt commercial
buildings obtain a certificate of registration from the City and required them also
to pay a registration Afee.@[1]  See DALLAS, TEX., FIRE CODE, ch. 16,
art. 5, '
5.102-104 (1994).  Failure to pay the
registration fee constituted an offense punishable by a fine of up to
$2,000.  The City sent notices to some
19,000 owners and those otherwise in control of commercial buildings in which
the City informed them of the provisions of the ordinance.  On September 27, 1995, the City rescinded the
fee, but it did not make the rescission retroactive.  The City also continued to attempt to collect
the fees that had accrued during the time that part of the ordinance was in
effect.  








Although twice notified by the City to do so,
appellee Jim Lowenberg did not pay the fee. Ultimately, the City issued a
citation to Lowenberg, and he paid an $80 registration fee in exchange for the
dismissal of the citation.

On July 28, 1997, almost three years after the
City passed the ordinance, Lowenberg and others filed a class action lawsuit
against the City of Dallas in United States District Court.  They alleged that the fees were actually
unconstitutional occupational taxes, and they sought a refund of all fees
paid.  In November 1998, after appellees
received various adverse rulings from the United States District Court, they
voluntarily dismissed that lawsuit.  On
October 19, 1998, over four years after the City passed the ordinance,
Lowenberg and others filed the lawsuit that resulted in this appeal.  Because we find the statute of limitations
issue to be dispositive of this appeal, we will address only that issue.  

The City argues that it conclusively established
all of the elements of its limitations claim. 
The City further contends that the trial court erred when it denied the
City=s motion
for summary judgment and entered summary judgment for appellees.  

In the appeal from a summary judgment case, we
determine whether the movant met its summary judgment burden by establishing
that no genuine issue of material fact exists and that the movant is entitled
to judgment as a matter of law.  
TEX.R.CIV.P. 166a(c);  KPMG
Peat Marwick v. Harrison County Housing Finance Corp., 988 S.W.2d 746, 748
(Tex.1999); City of Houston v. Clear Creek Basin Authority, 589 S.W.2d
671, 678 (Tex.1979).  We accept as true
all evidence which supports the non‑movant; we indulge every reasonable
inference in favor of the non-movant; and we resolve any doubts in favor of the
non‑movant.  Rule 166a(c);  American Tobacco Company, Inc. v. Grinnell,
951 S.W.2d 420, 425 (Tex.1997).  To be
entitled to summary judgment on an affirmative defense such as limitations, the
movant must conclusively prove all of the elements of the defense.  University of Houston v. Clark, 38
S.W.3d 578, 580 (Tex.2000).  When both
sides move for summary judgment and the trial court grants one motion and
denies the other, as occurred here, the losing party may appeal both
rulings.  We then consider both motions
for final summary judgment and enter the judgment that the trial court should
have entered.  Commissioners Court of
Titus County v. Agan, 940 S.W.2d 77, 81 (Tex.1997).   








The two-year statute of limitations applies to a
challenge to the constitutionality of a Ataking@ such as that alleged by appellees
here.  Texas Workers= Compensation Commission v. Garcia, 893
S.W.2d 504, 518 (Tex.1995);  Bowles v.
Clipp, 920 S.W.2d 752, 760 (Tex.App. B
Dallas 1996, writ den=d).  Federal claims are also subject to the
two-year statute of limitations that are applicable to State claims.  Peter Henderson Oil Company v. City of
Port Arthur, Texas, 806 F.2d 1273 (5th Cir. 1987).

Limitations begin to run when a cause of action
accrues.  For purposes of limitations, a
cause of action accrues when facts come into existence by which a party knows,
or should know, that it is entitled to seek a judicial remedy.  Murray v. San Jacinto Agency, Inc.,
800 S.W.2d 826, 828 (Tex.1990).  In order
to determine when the cause of action accrued in this case, we must first
determine the nature of the claim made by appellees.  

A claim that a statute or an ordinance is
unconstitutional on its face is a claim that the statute or ordinance always
operates unconstitutionally.  Texas
Workers=
Compensation Commission v. Garcia, supra. 
In an Aas
applied@
challenge, a party concedes that the statute or ordinance is constitutional
generally but that it is unconstitutional as it is applied to a particular
claimant or to a particular set of facts. 
City of Corpus Christi v. Public Utility Commission of Texas, 51
S.W.3d 231, 240 (Tex.2001); Texas Workers=
Compensation Commission v. Garcia, supra.

In a facial challenge to the constitutionality of
a statute or ordinance, the statute of limitations begins to run upon the
passage of the statute or the ordinance, with few exceptions not applicable
here.  See Peter Henderson Oil Company
v. City of Port Arthur, Texas, supra. 
At that time, by the passage of the ordinance, a claimant has Aexplicit, unambiguous notice that the
property would be subject to the requirement[s]@
of the statute or the ordinance.  Peter
Henderson Oil Company v. City of Port Arthur, Texas, supra at
1275.  In an Aas
applied@
challenge to a statute or to an ordinance, the statute of limitations begins to
run at the time that the statute or the ordinance is unconstitutionally applied
to the claimant.  See Levald, Inc. v.
City of Palm Desert, 998 F.2d 680 (9th Cir. 1993).  








Appellees rely upon Chacon v. Granata, 515
F.2d 922 (5th Cir. 1975), for the proposition that the statute of limitations
did not begin to run at the time of the passage of the ordinance.  They also rely upon Lubbock County, Texas
v. Trammel=s Lubbock
Bail Bonds, 80 S.W.3d 580 (Tex.2002), for the proposition that limitations
should run from the time that the fees were paid.

In Chacon, a valid
annexation ordinance was passed.  The
plaintiffs claimed that the annexation was the first step in a scheme to
deprive them of their property without just compensation.  They argued that the anticipated deprivation
would come in the future through the use of illegal zoning laws or abuse of the
power of eminent domain.  The court held
that the claim was one that may never ripen. 
No legal injury had been inflicted by the annexation ordinance.  Here, however, the fee arose as a direct
result of the passage of the ordinance; nothing remained to be done in the
future.  See Trail Enterprises, Inc.
v. City of Houston, 957 S.W.2d 625 (Tex.App. - Houston [14th Dist.] 1997,
writ den=d), cert.
den=d,
525 U.S. 1070 (1999).

Lubbock County involved
the presentment statute applicable to counties and has no application
here.  See TEX. LOC. GOV=T CODE ANN. '
89.004(a) (Vernon Supp. 2004).

Here, appellees argue that
they are challenging the ordinance as applied and that the statute of
limitations did not begin to run when the City passed the ordinance. The City
counters that appellees=
complaint is actually a facial challenge to the ordinance regardless of what
appellees call it.  We agree with the
City.  A court should look at the
substance of a complaint, not simply its form or its label.  Surgitek, Bristol-Myers Corporation v. Abel,
997 S.W.2d 598, 601 (Tex.1999); State Bar of Texas v. Heard, 603
S.W.2d 829, 833 (Tex.1980).    

We hold that, even though
appellees have designated their challenge an Aas
applied@
challenge, they actually have presented a facial challenge to the
constitutionality of the ordinance.  It
is not a particular application that gives rise to the fee, it is solely the
passage of the ordinance that gives rise to the fee. The essence of the
complaint is that the fee is an unconstitutional tax.  Appellees point to no particular claimants
and no particular circumstances not common to all within the purview of the
ordinance.  See Levald, Inc. v. City
of Palm Desert, supra. 
Framing a claim in terms of art normally associated with an Aas applied@
challenge does not transform a facial challenge into an Aas
applied@
challenge.  See Levald, Inc. v. City
of Palm Desert, supra.








Because the summary judgment evidence establishes
that appellees= claims
are time-barred, the City=s
Points of Error Nos. 1, 2(b), 4(b), 4(c), and 4(d) are sustained.  We need not address any remaining points or
cross-points.

The judgment of the trial court is reversed, and
judgment is rendered that appellees take nothing from the City of Dallas.

 

JIM R. WRIGHT

JUSTICE

 

June 10, 2004

Panel
consists of:  Arnot, C.J., and

Wright,
J., and McCall, J.











[1]Although an issue in this case is whether the money to
be paid under the ordinance is a Afee@ or an unconstitutional tax, the parties generally have
referred to the required payment as a Afee.@  We will also
refer to it as a Afee,@ but we are not to be taken as holding that the payment
is a Afee@ as opposed to an unconstitutional tax.