United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 15, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-30738
Summary Calendar

RICKY EUGENE MINNIFIELD,

Plaintiff-Appellant,

versus

LOUISIANA DEPARTMENT OF EDUCATION;
SCHOOL BOARD OF OUACHITA PARISH;
WEST MONROE HIGH SCHOOL,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:05-CV-02074
--------------------

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:*

Pro se Plaintiff Ricky Minnifield alleges that the West Monroe High School mascot, a confederate rebel, manifests state-sponsored discrimination in violation of both the Louisiana and United States Constitution. Citing these same constitutional provisions, Minnifield also complains that during his years at West Monroe High, the school used the confederate battle flag on its yearbook, on its cheerleader uniforms, and on the school building itself. In the early 1990s, the school stopped all officially sanctioned use

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of the flag, though the rebel mascot remains. The Plaintiff seeks compensatory and punitive damages totaling $22 million and injunctive relief.

Plaintiff graduated from West Monroe High in 1975, and he has no children attending the school. The district court properly dismissed for lack of standing his claim for injunctive relief. That claim was mooted upon graduation. See Doe v. Marshall, 622 F.2d 118, 119 (5th Cir. 1980); Newdow v. United States Congress, Elk Grove Unified School District, et al., 542 U.S. 1 (2004). Likewise, the district court properly dismissed as time-barred plaintiff's claim for damages under section 1983. See Jacobsen v. Osborne, 133 F.3d 315, 319 (5th Cir. 1998); Peter Henderson Oil v. City of Port Arthur, 806 F.2d 1273, 1275 (5th Cir. 1987). Such claims accrue when the plaintiff has reason to know of the actionable injury. See Kline v. North Texas State University, 782 F.2d 1229 (5th Cir. 1986).

AFFIRMED.