# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-60279

United States Court of Appeals
Fifth Circuit

**FILED**

April 5, 2019

Lyle W. Cayce
Clerk

BAYOU VISTA, L.L.C.,

      Plaintiff - Appellant

v.

CITY OF OXFORD, MISSISSIPPI,

      Defendant - Appellee

Appeal from the Unites States District Court
for the Northern District of Mississippi
USDC No. 3:16-CV-301

Before JONES, HO, and OLDHAM, Circuit Judges.

PER CURIAM:*

Bayou Vista, LLC brought this action under 42 U.S.C. § 1983 challenging a 2013 amendment to a city ordinance regulating billboard advertisements. The district court rejected the claim as time-barred under the applicable three-year statute of limitations. We affirm.

The City of Oxford, Mississippi regulates the size and placement of commercial signs within its city limits. This includes billboard advertisements, which can only be erected in industrial zones. Over the years,

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-60279

the sign ordinance has gone through multiple revisions. The latest, and most relevant, was enacted on October 15, 2013 as part of a settlement agreement with Lamar OCI South Corporation. The new ordinance allowed Lamar to construct two digital billboards along Highway 6 West. In exchange, Lamar would acquire and remove any non-conforming billboards inside the City.

Bayou Vista owns a small parcel of real property adjacent to Highway 6 West. The property was originally located outside the city limits but was annexed in 2006. At some point prior to annexation, Bayou Vista's predecessor-in-interest began capitalizing on the property by operating a billboard. But because the property fell in a general business district, and not in an industrial zone, the billboard came into conflict with Oxford's sign ordinance following the 2006 annexation.

The City had previously recognized a grandfather exception for preexisting billboards. But that ended under a 2004 amendment to the Land Development Code. Under that amendment, all non-conforming signs must be removed, regardless of when they were erected. To ease the transition, the ordinance provided for a five-year amortization period. This period was then extended by an additional two years in 2009. The amortization period finally expired on November 15, 2011, but it has been seldomly enforced. Eleven non-conforming billboards remained within the city limits when the relevant 2013 ordinance came into effect, including the billboard on Bayou Vista's property.

By this time, Bayou Vista's predecessor-in-interest had changed its business model. It turned over its billboards to Lamar and leased the subject property to maintain an income. This arrangement later enabled Lamar to take down the billboard in accordance with its 2013 agreement with the City. Lamar did so on September 30, 2014. Eight days later, Lamar sent notice that it had cancelled its lease. Bayou Vista contends that this October 8, 2014 letter

2

No. 18-60279

represents when it first received "explicit and unambiguous notice that its property would be adversely affected by the 2013 Ordinance."

According to Bayou Vista, the subject property has no economically viable use under the City's regulatory scheme. Bayou Vista therefore brought suit on December 29, 2016, alleging inverse condemnation and seeking damages under 42 U.S.C. § 1983. It later amended the complaint to encompass alleged due process and equal protection violations as well as a plea for injunctive and declaratory relief.

The City filed a motion to dismiss, which the district court granted. The district court concluded that Bayou Vista's complaint exceeded the three-year statute of limitations, which governs § 1983 claims in Mississippi. *James v. Sadler*, 909 F.2d 834, 836 (5th Cir. 1990) (holding that Mississippi's three-year "residual" period applies). Bayou Vista filed this appeal.

A cause of action under § 1983 accrues when the "plaintiff knows or has reason to know of the injury which is the basis of the action." *Price v. City of San Antonio, Tex.*, 431 F.3d 890, 893 (5th Cir. 2005). With respect to city ordinances that implicate real property, that notice occurs on the date that the ordinance is enacted. *Peter Henderson Oil Co. v. City of Port Arthur, Tex.*, 806 F.2d 1273, 1275 (5th Cir. 1987); *see also Epes v. City of Bossier City*, 979 F.2d 1534 (5th Cir. 1992). Here, the ordinance was enacted in October 2013. Accordingly, its December 2016 suit was barred by the statute of limitations. We therefore affirm.[1]

---

[1] The City additionally contends that Bayou Vista lacks standing to bring its challenge to the 2013 amendment. The City theorizes that the Bayou Vista billboard was illegal as of 2011, and therefore any relief against the 2013 amendment would not have redressed Bayou Vista's real injury. We disagree. The parties agree that the 2013 ordinance requires removal of Bayou Vista's billboard, and it is that action that caused the injury Bayou Vista claims here.