**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 97-30098**
_____

**MICHAEL JACOBSEN,**

**Plaintiff-Appellant,**

**versus**

**POLICE OFFICER OSBORNE, ET AL.,**

**Defendants,**

**CITY OF NEW ORLEANS; UNIDENTIFIED PARTY; CHARLES C. FOTI, JR.,**
**CRIMINAL SHERIFF OF ORLEANS PARISH,**

**Defendants-Appellees.**

**Appeal from the United States District Court**
**for the Eastern District of Louisiana**

January 15, 1998

Before JOLLY, DAVIS, and BARKSDALE, Circuit Judges.

RHESA HAWKINS BARKSDALE, Circuit Judge.

Primarily at issue is whether, pursuant to FED. R. CIV. P. 15(c)(3), a proposed amendment to a complaint to add new parties relates back to the date of the original complaint, especially for replacing "John Doe" defendants, thereby defeating a limitations bar as to those putative parties. For his action seeking relief under, *inter alia*, 42 U.S.C. § 1983, Michael Jacobsen appeals the denial of his motion to amend in order to substitute the correct defendants (police officers and sheriff's deputies) for an erroneously named officer and a "John Doe" deputy. We **AFFIRM** as to the deputies; **REVERSE** as to the officers; and **REMAND**.

I.

Jacobsen's original complaint contains the following allegations: on 21 August 1994, in New Orleans, someone accosted Jacobsen's wife and brother; an altercation ensued, resulting in the brother being arrested by New Orleans police; after Jacobsen, who had been present, inquired as to the reason for the arrest, the charges, and the location to which his brother was being taken, Jacobsen was arrested for interfering with a police investigation and was jailed by the Orleans Parish Criminal Sheriff; Jacobsen was subjected to physical abuse and humiliating treatment until his release the next morning; and, later, the charge of interfering with a police investigation was dismissed.

On 17 August 1995, only four days shy of the first anniversary of the incident, Jacobsen filed this action, pursuant to § 1983 and state law, against New Orleans Police Officer Osborne and Deputy John Doe, an unnamed deputy employed by the Orleans Parish Criminal Sheriff, claiming that he was falsely arrested and abused by Officer Osborne and sheriff's deputies. Jacobsen also asserted state law claims for battery and intentional infliction of emotional distress against the City of New Orleans and the Sheriff, based on *respondeat superior*.

Service of the complaint was not completed until early October 1995. The parties consented, pursuant to 28 U.S.C. § 636(c), to proceed before a magistrate judge, with trial scheduled for September 1996.

The Sheriff answered the complaint in late October 1995; Officer Osborne and the City, early that December. On 30 August 1996, the City and the Officer moved to dismiss, pursuant to FED. R. CIV. P. 12(b)(6), contending that the Officer was not the arresting officer and, alternatively, that he was entitled to qualified immunity; and that liability against the City was incorrectly premised only upon its being the Officer's employer.

Shortly thereafter, on 3 September, the Sheriff moved to dismiss pursuant to FED. R. CIV. P. 12(b)(1) and (6). That same day, Jacobsen moved to continue trial (set for later that month), asserting that he had discovered new information, requiring an amended complaint. The magistrate judge granted the continuance but did not assign a new trial date.

Two weeks later, on 18 September, over two years after the incident and nearly five months after the court-ordered deadline for amended pleadings, Jacobsen moved to amend to add as defendants the correct officers and deputies. Apparently, he had obtained Officer Osborne's name as the arresting officer from arrest records and an interrogatory answer by the City. But when deposed on 29 August 1996, the Officer had stated that he was only the transporting, *not the arresting*, officer. Subsequent investigation identified the arresting officers. As for the deputies, after discovery requests failed to identify those involved in the incident, Jacobsen had deposed the Sheriff's office on 29 August 1996, pursuant to FED. R. CIV. P. 30(b)(6), and had been able to identify three deputies.

Later, trial was reset for January 1997. Officer Osborne's Rule 12(b)(6) motion was denied because it sought dismissal on the merits and involved considerations outside the scope of the pleadings. The City's similar motion was also denied.

Jacobsen's motion to amend was denied as well. Regarding the deputies, the magistrate judge ruled that the amendment was untimely and there was nothing to indicate that their identities could not have been discovered earlier; and that, in any event, the amendment would be futile because the claims were time-barred. With regard to the police officers, the magistrate judge ruled that the amendment would be futile because the claims were time-barred and the amendment would not relate back because the officers had not received notice of the action as required by Rule 15(c)(3).

The magistrate judge reconsidered the ruling as to the officers and allowed Jacobsen to add them as defendants to the state law claims because, under Louisiana law, they had not prescribed and the magistrate judge intended to maintain supplemental jurisdiction over them.

The Sheriff's motion to dismiss was then granted because neither he nor any of his employees had been named in the § 1983 claim. Consequently, there was no viable federal claim against any employee of the Sheriff; and the supplemental state law claims against the Sheriff for battery and intentional infliction of emotional distress were dismissed to allow Jacobsen to bring them in an appropriate state forum.

In early December 1996, Jacobsen moved for entry of final judgment. The magistrate judge noted that the only remaining federal claim was the apparently unfounded one against Officer Osborne. Thus, he refused to retain jurisdiction over the remaining state law claims and dismissed them without prejudice. Concomitantly, Jacobsen's motion to dismiss Officer Osborne without prejudice was granted.

## II.

Contending that the magistrate judge abused his discretion by denying the motion to amend, Jacobsen asserts that it was neither untimely nor futile because the claims were not time-barred. (To shore up his timeliness claim, Jacobsen notes that no trial date had been fixed when the motion to amend was filed, and that leave was later granted to add the officers for the state law claims.) In the alternative, he claims that, under Rule 15(c), the amended complaint relates back to the date of the original filing.

The denial of a Rule 15(a) motion to amend is reviewed for abuse of discretion. *E.g., Moody v. FMC Corp.*, 995 F.2d 63, 65 (5th Cir. 1993). Likewise, whether to grant such a motion is committed to the sound discretion of the district court, *e.g, Shivangi v. Dean Witter Reynolds, Inc.*, 825 F.2d 885, 890 (5th Cir. 1987); but, that discretion is limited by Rule 15(a), which states that "leave shall be given when justice so requires". *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir. 1994). In sum, the motion should not be denied "unless there is a substantial reason to do so". *Id.* Toward that end, the district court may

- 5 -

consider factors such as whether there has been "*undue delay*, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and *futility of amendment*". *In re Southmark Corp.*, 88 F.3d 311, 314-15 (5th Cir. 1996)(emphasis added), *cert. denied,* 117 S. Ct. 686 (1997).

## A.

The magistrate judge ruled, *inter alia*, that the motion to amend, filed over two years after the incident, was futile because the claims against the officers and deputies had prescribed. Of course, for a § 1983 action, the court looks to the forum state's personal-injury limitations period. *E.g., Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994). In Louisiana, that period is one year. *Elzy v. Roberson*, 868 F.2d 793, 794 (5th Cir. 1989).

On the other hand, federal law determines when a § 1983 claim accrues. *Moore*, 30 F.3d at 620. In the context of such a claim for wrongful arrest and confinement, it is the plaintiff's knowledge of those two events that triggers the limitations period. *Pete v. Metcalfe*, 8 F.3d 214, 217-18 n.6 (5th Cir. 1993). Accordingly, Jacobsen's claims accrued at the latest on 22 August 1994; therefore, his proposed amendment, sought over two years after the incident, is futile unless, under Rule 15(c), it relates back to the date of the original filing.

## B.

Rule 15(c), as amended in 1991 and 1993, provides:

> An amendment of a pleading relates back to the date of the original pleading when

(1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or

(2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or

(3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, *within the period provided by Rule 4(m) for service of the summons and complaint*, the party to be brought in by amendment (A) has *received such notice* of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, *but for a mistake concerning the identity of the proper party*, the action would have been brought against the party.

FED. R. CIV. P. 15(c) (emphasis added).

Prior to the Rule being amended in 1991, the Supreme Court, in

**Schiavone v. Fortune**, 477 U.S. 21 (1986), interpreted it to permit

relation back if the following conditions were satisfied:

(1) the basic claim must have risen out of the conduct set forth in the original proceeding; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) the party must or should have known that, but for a mistake concerning identity, the action would have been brought against it; and (4) the second and third requirements must have been fulfilled within the prescribed limitations period.

**Moore v. Long**, 924 F.2d 586, 587 (5th Cir. 1991)(quoting **Schiavone,**

477 U.S. at 29).

In response to **Schiavone**, Rule 15(c) was amended to change the fourth relation-back factor. The Advisory Committee stated that

> [subpart (3) was] revised to change the result in **Schiavone v. Fortune**, with respect to the problem of a misnamed defendant. An intended defendant who is notified of an action within the period allowed by Rule 4(m) for service of summons and complaint may not under the revised rule defeat the action on account of a defect in the pleading with respect to the defendant's name provided that the requirements of clauses (A) [notice] and (B) [mistake] have been met. If the notice requirement is met within the Rule 4(m) period, a complaint may be amended at any time *to correct a formal defect such as a misnomer or misidentification*. On the basis of the text of the former rule, the Court reached a result in **Schiavone v. Fortune** that was inconsistent with the liberal pleading practices secured by Rule 8.

FED. R. CIV. P. 15(c), Advisory Committee Notes (1991 Amendment) (emphasis added).

"The only significant difference between the **Schiavone** rule and amended Rule 15(c) is that, instead of requiring notice within the limitations period, relation back is allowed as long as the added party had notice within 120 days following the filing of the complaint, or longer if good cause is shown." **Skoczylas v. Federal Bureau of Prisons**, 961 F.2d 543, 545 (5th Cir. 1992). As the Second Circuit has noted, the amended Rule "is meant to allow an amendment changing the name of a party to relate back to the original complaint only if the change is the result of an error, such as a misnomer or misidentification." **Barrow v. Wethersfield Police Dept.**, 66 F.3d 466, 469 (2d Cir. 1995), *modified by* 74 F.3d 1366 (2d Cir. 1996).

Looking to subpart (3) of the Rule, it is undisputed that the claims asserted against the officers and deputies arose out of the "occurrence" set forth in the original complaint. Accordingly, as required by subpart (3), the provision stated in subpart (2) is satisfied. Therefore, the "notice" *and* "mistake" clauses in subpart (3) come into play. Both must be satisfied.

1.

The motion to amend as to the newly-named officers was denied on one basis: futility. The magistrate judge ruled that they had not received the requisite timely notice of the action being filed. But, our court will infer notice if there is an identity of interest between the original defendant and the defendant sought to be added or substituted. *Moore*, 924 F.2d at 588; *Kirk v. Cronvich*, 629 F.2d 404, 407-08 (5th Cir. 1980).

"Identity of interest generally means that the parties are so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other." *Kirk*, 629 F.2d at 408 n.4 (internal quotations and citation omitted). In this regard, notice may be imputed to the new party through shared counsel. *Barkins v. International Inns, Inc.*, 825 F.2d 905, 907 (5th Cir. 1987); *Hendrix v. Memorial Hosp. of Galveston County*, 776 F.2d 1255, 1257-58 (5th Cir. 1985).

The City did not file a brief; therefore, we do not know its position regarding identity of interest. In any event, there was

a sufficient identity of interest between the newly-named officers, Officer Osborne, and the City to infer notice.

The original complaint was served on the City Attorney, who represented the original City defendants (the City and Officer Osborne) and would necessarily have represented the newly-named officers. The City Attorney answered the complaint on behalf of the City and Officer Osborne and, to do so, presumably investigated the allegations, thus giving the newly-named officers the clause A notice of the action. Consequently, those officers "knew or should have known" that, but for Jacobsen's mistaken belief that Officer Osborne was the arresting officer, the action would have been brought against them, therefore satisfying clause B.

For the officers, the proposed amendment is exactly the situation at which Rule 15(c)(3) is aimed: the misidentification of a defendant, as also discussed *infra*. Accordingly, the proposed amendment to substitute the officers for Officer Osborne relates back to the original filing, and therefore was not futile. Because the magistrate judge lacked a substantial reason to deny the amendment, the denial constitutes an abuse of discretion.

2.

The motion to amend as to the deputies was denied on two bases: untimeliness and futility. Because it was futile, we need not reach the timeliness issue.

As for the clause A notice requirement, Jacobsen contends that the identity of interest doctrine should apply, claiming that shared counsel between the Sheriff and the deputies can be

judicially noticed.  Assuming *arguendo* he is correct, the failure to clear the separate clause B "mistake" hurdle remains.

For the circumstances presented by this action, our court has not addressed whether, in order to prevent a time-bar, an amendment to substitute a named party for a "John Doe" defendant may relate back under amended Rule 15(c)(3).  We conclude that, in the circumstances present in this case, relation back should not be allowed.  This is consistent with the majority of the other circuits that have considered the issue.  They have held that, for a "John Doe" defendant, there was no "mistake" in identifying the correct defendant; rather, the problem was not being able to identify that defendant.

The Second Circuit has held in a case interpreting the 1991 and 1993 amendments that "Rule 15(c) does not allow an amended complaint adding new defendants to relate back if the newly-added defendants were not named originally because the plaintiff did not know their identities". **Barrow**, 66 F.3d at 470.  This result is necessitated by the goals of relation-back and Rule 15(c)(3):  to correct a *mistake* concerning the identity of a party.  **Id.**  The Second Circuit reasoned that failing to identify individual defendants cannot be characterized as a mistake.  **Id.**

In interpreting the amended Rule, the Seventh Circuit reached the same result in **Worthington v. Wilson**, 8 F.3d 1253, 1257 (7th Cir. 1993).  For the **Worthington** § 1983 action, the plaintiff sued "unknown named police officers".  After limitations had run, the plaintiff moved to substitute as defendants the two officers

involved in his arrest.  In affirming the denial of that motion, the Seventh Circuit held:  "Because Worthington's failure to name [the correct officers] was due to a lack of knowledge as to their identity, and not a mistake in their names, Worthington was prevented from availing himself of the relation back doctrine of Rule 15(c)".  *Id.* at 1257.

And, in a case decided after the amendments to Rule 15(c), the First Circuit endorsed the view that relation back is not allowed when the plaintiff simply lacks knowledge of the proper party. *Wilson v. United States Government*, 23 F.3d 559, 562-63 (1st Cir. 1994).  In *Wilson*, the plaintiff, after filing suit against the wrong party, sought to substitute the United States after limitations had run.  *Id.* at 560-61.  In affirming the time-bar, the First Circuit noted that the United States had not received notice of the action within the time allowed for service of process.  *Id.* at 562-63.  In addition, it held that the mistake prong of Rule 15(c)(3) had not been satisfied:

> [T]here was no "mistake concerning the identity of the proper party," as required by Rule 15(c)(3).  Rather, Wilson merely lacked knowledge of the proper party.  In other words, Wilson fully intended to sue [a particular party], he did so, and [that party] turned out to be the wrong party.  We have no doubt that Rule 15(c) is not designed to remedy such mistakes.

*Id.* at 563.

On the other hand, in a case decided prior to the amendments to Rule 15(c), the Third Circuit took an opposite approach, allowing relation back when the plaintiff sought to add a defendant

originally identified as an "unknown employee". ***Varlack v. SWC Caribbean, Inc.***, 550 F.2d 171, 174-75 (3d Cir. 1977). However, the newly-named defendant testified that he knew there was a complaint against his employer *and* that the "unknown employee" referred to him. ***Id.*** Accordingly, the court concluded that the notice and mistake requirements had been met. Obviously, that is not the situation here.

In closing, we note that this action has been plagued by delays. For example, in his brief to our court, Jacobsen states that he first learned the identities of the deputies on 29 August 1996, following the earlier discussed Rule 30(b)(6) deposition of the Sheriff's office. However, in Jacobsen's witness and exhibit list filed on 10 July 1996, "D. Cunningham" (one of the deputies later sought to be added as a defendant) is listed as a proposed witness. The Sheriff's witness list was filed on 3 July 1996; the City's, on 8 July. Neither listed Deputy Cunningham. There is no explanation as to how Jacobsen learned about that Deputy by 10 July, or why he states that his identity did not surface until 29 August.

Along this line, the Sheriff moved on 22 April 1996 to compel discovery; discovery requests had been served on Jacobsen the prior November. But, as of April, Jacobsen had not responded. In short, the result reached today as to the deputies could — and, indeed should — have been avoided.

In other words, the proposed amendment as to the deputies was not necessitated by the "mistake" or "misidentification" at which

Rule 15(c)(3) is aimed.  For such a situation, the Rule does not allow relation back to the filing of the original complaint.

III.

For the foregoing reasons, the denial of leave to amend the complaint is **AFFIRMED** as to the Sheriff's deputies, but **REVERSED** as to the police officers.  Accordingly, this case is **REMANDED** for further proceedings.

*AFFIRMED IN PART, REVERSED IN PART,* **and** *REMANDED*