IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-41216
Summary Calendar
_____

WALI MUHAMMED,

                                        Plaintiff-Appellant,

versus

WADLEY REGIONAL MEDICAL CENTER FOUNDATION,
doing business as Wadley Regional Medical Center;
ROBERT L. MACK, M.D., also known as Texarkana Radiology
Associates; DIRECTOR OF RADIOLOGY, Director of
Radiology at Wadley (Name Unknown),

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:97-CV-8
--------------------

October 22, 1999

Before HIGGINBOTHAM, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Appellant (# 19148-009) Wali Muhammed filed this diversity
action against Wadley Regional Medical Center (Wadley) and its
Director of Radiology, Dr. Robert L. Mack.  Muhammed alleged that
when he was a Wadley outpatient on or about March 30, 1995,
Associate Radiologist Dr. William R. Beaty negligently erred in

_____

      [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

evaluating MRI results and in diagnosing his condition. This allegedly resulted in Muhammed's not being treated for his illness and his becoming a paraplegic. Muhammed has sought to hold Wadley and Dr. Mack liable for Dr. Beaty's alleged negligence.

The district court granted summary judgment to Dr. Mack on all of Muhammed's claims against him. The court granted summary judgment to Wadley relative to one of Muhammed's claims and dismissed his other claims against Wadley. The court also denied Muhammed's belated motion to amend his pleading, to allege a claim against Dr. Beaty. We AFFIRM the district court's judgment.

Muhammed contends that the district court reversibly erred by dismissing his action as against Wadley. He asserts that the primary issue is whether Wadley violated 42 U.S.C. § 1395dd,[1] by failing to provide the proper medical screening and diagnostic testing and by releasing him before his condition stabilized.

Section 1395dd "was not intended to be used as a federal malpractice statute, but instead was enacted to prevent 'patient dumping,' which is the practice of refusing to treat patients who are unable to pay." Marshall v. East Carroll Parish Hosp. Serv. Dist., 134 F.3d 319, 322 (5th Cir. 1998). "Accordingly, an EMTALA 'appropriate medical screening examination' is not judged

---

[1] Section 1395dd is known as the Emergency Medical Treatment and Action Labor Act (EMTALA), and as the Anti-Dumping Statute.

by its proficiency in accurately diagnosing the patient's illness, but rather by whether it was performed equitably in comparison to other patients with similar symptoms." Id.

Muhammed never has suggested that Wadley discriminated against him because he was unable to pay. Furthermore, he has not suggested that his examination was not "performed equitably in comparison to other patients with similar symptoms." Marshall, 134 F.3d at 322. Because there is no indication that Muhammed could remedy these deficiencies if he were permitted to amend his supplemental pleading, the district court did not err by effectively dismissing his EMTALA claim with prejudice. See Jacquez v. Procunier, 801 F.2d 789, 792-93 (5th Cir. 1986).

Muhammed contends that the district court violated Article III of the Constitution by allowing the magistrate judge to rule on Muhammed's request to amend his complaint to allege the § 1395dd claim. This lacks merit because the magistrate judge only recommended granting Wadley's motion to strike his supplemental pleading. The district court made the dispositive ruling, upon adopting the magistrate judge's initial report and recommendation. This procedure was in accordance with 28 U.S.C. § 636(b)(1)(A) and the district court's standard referral order.

Muhammed contends that the district court erred by granting summary judgment to Dr. Mack, because several genuine issues of material fact exist. As the district court held, Dr. Mack met his burden to "point out the absence of evidence supporting the

nonmoving party's case." Skotak v. Tenneco Resins, Inc., 953 F.2d 909, 913 (5th Cir. 1992) (citation and quotation marks omitted). Since Dr. Mack met his burden, he was entitled to summary judgment unless Muhammed "[went] beyond the pleadings and designate[d] specific facts showing that there is a genuine issue for trial." Tubacex, Inc. v. M/V RISAN, 45 F.3d 951, 954 (5th Cir. 1995). "To meet this burden, the nonmovant must identify specific evidence in the record, and articulate the precise manner in which that evidence support[s] [his] claim[s]." Stults v. Conoco, Inc., 76 F.3d 651, 656 (5th Cir. 1996) (citation and quotation marks omitted).

However, Muhammed does not now attempt to show that he presented sufficient proof in the district court to defeat Dr. Mack's motion for summary judgment. Muhammed does not even advert to Dr. Mack's evidence, which the district court found sufficient to support summary judgment on his behalf.

Muhammed asserts that the district court erred by refusing to permit discovery prior to ruling on summary judgment, without specifying which ruling he is referring to. If Muhammed meant this assertion to be a discrete appellate point, then he has abandoned it by not briefing it. See Al-Ra'id v. Ingle, 69 F.3d 28, 33 (5th Cir. 1995).

Muhammed contends that the district court's failure to issue a scheduling order, pursuant to Fed. R. Civ. P. 16(b), was reversible error. He is not entitled to relief on this point

because he has failed to demonstrate how the absence of a scheduling order may have prejudiced him, <u>i.e.</u>, adversely affected any of his substantial rights.  <u>See</u> 28 U.S.C. § 2111 (harmless error).

Muhammed contends that he is entitled to relief because he was denied mediation, the magistrate judge having denied his two motions therefor.  Because Muhammed did not appeal the magistrate judge's rulings to the district court, however, this court lacks jurisdiction of his mediation claim.  <u>See</u> <u>Colburn v. Bunge Towing, Inc.</u>, 883 F.2d 372, 379 (5th Cir. 1989).

Muhammed contends that the district court reversibly erred by denying him leave to amend his complaint to add Dr. Beaty as a defendant, on grounds that Dr. Beaty is an indispensable party; the district court did not issue a scheduling order; and Dr. Beaty is primarily responsible for Muhammed's physical condition. Muhammed also asserts conclusionally that none of the parties would have suffered if the court had allowed the amendment.

Rule 15(a), Fed. R. Civ. P., states that "leave [to amend] shall be freely given when justice so requires."  Whether "to grant leave is within the discretion of the court, although if the court lacks a substantial reason to deny leave, its discretion is not broad enough to permit denial."  <u>State of Louisiana v. Litton Mortgage Co.</u>, 50 F.3d 1298, 1302-03 (5th Cir. 1995) (citations and quotation marks omitted).

Rule 15(a) does not contain a "time limit for permissive amendment, [but] [a]t some point[,] time delay on the part of a plaintiff can be procedurally fatal. In such a situation, the plaintiff must meet the burden of showing that the delay was due to oversight, inadvertence, or excusable neglect. . . ." Id. (citations and quotation marks omitted).

Muhammed filed his said motion to amend almost one year after the two-year Texas statute of limitations for medical malpractice had run. Tex. Rev. Civ. Stat. Ann. art. 4590i, § 10.01 (West Supp. 1999). Thus, if leave to amend were granted and the amendment related back to the date of filing of the complaint, a time-barred claim would be revived. Such a relation-back would not be proper because "the institution of an action against one [alleged tortfeasor would not serve] to provide notice of the litigation to the other," and because Muhammed did not make any mistake concerning Dr. Beaty's identity as having participated in the relevant episode. See Jacobsen v. Osborne, 133 F.3d 315, 320-22 (5th Cir. 1998).

Furthermore, Muhammed has not attempted to explain why he delayed so long. Nor has he attempted to explain why he omitted to include a claim against Dr. Beaty in the two amended pleadings which the district court allowed him to file. See Whitaker v. City of Houston, Texas, 963 F.2d 831, 836 (5th Cir. 1992).

Finally, Dr. Beaty was not an indispensable party, as Muhammed asserts he was. See Fed. R. Civ. P. 19(a).

Accordingly, the district court did not abuse its discretion in denying Muhammed leave to amend to allege a claim against Dr. Beaty.  See Litton Mortgage Co., 50 F.3d at 1302-03; Jacobsen, 133 F.3d at 320-22.  Whitaker, 963 F.2d at 836.

JUDGMENT AFFIRMED.