IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-50249
Summary Calendar
_____


GWENDOLYN BAILEY; MARY LOPEZ; JOSEPHINE S.
STEPHENSON; BELINDA GONZALES; GEORGIA
SUTHERLAND; SUSAN DENSON; SUSAN MILLER;
LETICIA RIVAS; LINDA ROSE; MARGARET DECKER;
HELEN YOUNG,

                                        Plaintiffs-Appellees,

versus

DEAN NICK WALSH, Individually and as
representative of University Physician's
Group; UNIVERSITY PHYSICIANS GROUP,

                                        Defendants-Appellants.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-00-CV-1563
--------------------
January 28, 2003

Before  BARKSDALE, DEMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

     In October of 2000, Gwendolyn Bailey ("Bailey") and ten

other plaintiffs asserted federal and state law claims in Texas

state court against the University Physicians Group ("UPG") and

its former President, Dr. Nicholas Walsh.  UPG removed the case

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

to federal court shortly thereafter.  Just before the onset of trial, the presiding judge, Judge Garcia, unfortunately passed away.  Less than a week before trial, Bailey sought remand to state court, allowing that the federal claim averred was insufficient.  The district court granted the motion to remand and allowed the federal claim to be withdrawn from the complaint.  Appellants complain of both of these rulings.

Bailey argues that this court lacks jurisdiction.  This court may hear the appeal from an order to remand made on a basis other than the lack of subject matter jurisdiction.  Roark v. Humana, Inc., 307 F.3d 298, 311 (5th Cir. 2002).  Here, the district court could not have been more explicit.  Despite Bailey's contentions, the district court noted that it did in fact have subject matter jurisdiction and remanded only on the basis of its own exercise of discretion.  Thus, we may entertain this appeal.

We reject appellants' argument that the district court erred in remanding the state law claims.  In light of the limited pre-trial discovery and the unfortunate passing of Judge Garcia, the district court was well within its wide discretion as to the order of remand where only supplemental state law claims remained.  See Guzzino v. Felterman, 191 F.3d 588, 595 (5th Cir. 1999).

We likewise reject the argument that the district court erred in allowing the federal claims to be withdrawn from the

complaint. Withdrawing a claim from within a complaint is properly seen as an amendment of the complaint. Ryan v. Occidental Petroleum Corp., 577 F.2d 298, 302 n.2 (5th Cir. 1978). The grant of a motion to amend a complaint is within the discretion of the district court. Jacobsen v. Osborne, 133 F.3d 315, 318 (5th Cir. 1998). However, the motion should be granted in the absence of a substantial reason to deny. Id. The only danger posited by the appellants that is risked by the grant of the motion to amend the complaint is the possibility that Bailey will re-assert the federal cause of action. However, that danger is inherent to any grant of a motion to withdraw a cause of action, a legal maneuver that is not per se forbidden. In the absence of any substantial reason to deny, the district court did not abuse its discretion in granting the motion to withdraw the federal cause of action.

AFFIRMED.