David YATES, Plaintiff–Appellant,

v.

UNIDENTIFIED PARTIES;
et al, Defendants,

Unidentified Parties; Rodney J. Strain,
Jr., Sheriff of St. Tammany Parish,
Defendants–Appellees.

No. 02–31224.
Summary Calendar

United States Court of Appeals,
Fifth Circuit.

July 28, 2003.

Before HIGGINBOTHAM, DAVIS and
PRADO, Circuit Judges.

**20**

PER CURIAM.*

██ David Yates appeals the dismissal of his 42 U.S.C. § 1983 lawsuit against St. Tammany Parish Sheriff Rodney Strain, Jr., in his official capacity, and against unnamed deputies, asserting that, on June 4, 2001, he was assaulted by the deputies without provocation, in violation of his constitutional rights and Louisiana law. He does not challenge the dismissal of his claims against St. Tammany Parish or against Sheriff Strain in an individual capacity, and those claims are waived. *See Yohey v. Collins,* 985 F.2d 222, 224–25 (5th Cir.1993). Yates has not adequately briefed the argument that the magistrate judge erred in dismissing his state-law respondeat-superior claim against Sheriff Strain, and the claim is likewise deemed abandoned. *See id.; see also* Fed. R.App. P. 28(a)(9); *United States v. Tomblin,* 46 F.3d 1369, 1376 n. 13 (5th Cir.1995); *Beasley v. McCotter,* 798 F.2d 116, 118 (5th Cir.1986).

Yates contends that the magistrate judge erred in dismissing his 42 U.S.C. § 1983 claims against Sheriff Strain in his official capacity because Yates sufficiently alleged both a custom or policy which permitted the assault on him to take place and that the assault occurred because of the Sheriff's policy. A municipality may not be held liable under § 1983 for the acts of its non-policy-making employees under the theory of respondeat superior. *Benavides v. County of Wilson,* 955 F.2d 968, 972 (5th Cir.1992). "Liability arises only when the execution of an official policy or custom of the municipality causes the constitutional injury." *Gros v. City of Grand Prairie, Texas,* 181 F.3d 613, 615 (5th Cir.1999). An official policy may be either a written

ordinance or regulation or "a persistent, widespread practice of city officials or employees that, although not authorized by officially adopted policy, is so common and well settled as to constitute a custom that fairly represents official municipal policy." *McConney v. City of Houston,* 863 F.2d 1180, 1184 (5th Cir.1989).

██ Yates's claim fails because he has not alleged facts sufficient to show a pattern or practice of abuse by St. Tammany deputies that is so persistent and widespread as to constitute an official custom attributable to the Sheriff. *See id.* Despite being given numerous opportunities to amend his complaint, Yates alleged no other instances of physical abuse by St. Tammany Parish deputies. Without specific factual allegations regarding other instances of abuse, Yates's complaint amounts to no more than an isolated incident, which will not trigger official liability on Sheriff Strain's part. *See id.* Similarly, Yates's vague and conclusional allegation that Sheriff Strain's failure to train deputies resulted in his assault does not give rise to § 1983 liability. *See Spiller v. City of Texas City, Police Dep't,* 130 F.3d 162, 167 (5th Cir.1997); *see also Benavides,* 955 F.2d at 972.

██ Yates's argument that the magistrate judge erred in dismissing the unidentified deputies is also unavailing. As the magistrate judge determined, these defendants were not timely served, and any amendment to add them by name would have been futile because the claims against them were time-barred and because the amendment would not have related back to the date of original filing under Fed. R.

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

Civ. P. 15(c)(3). *See Jacobsen v. Osborne,* 133 F.3d 315, 320–22 (5th Cir.1998).

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.