United States Court of Appeals
Fifth Circuit

**F I L E D**

September 16, 2003

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

—————————

No. 03-30145

(Summary Calendar)

—————————

RICHARD JOSEPH MURRAY, JR.; BARBARA D. MURRAY,

Plaintiffs-Appellants,

versus

TOWN OF MANSURA; PHILLIP LUCAS, in his official capacity as Chief of Police for the Town of Mansura; HAROLD QUEBEDEAUX, in his official capacity as Mayor of the Town of Mansura; RENEE ROY, in her official capacity as Town Attorney for the Town of Mansura and her appointed capacity as Acting Magistrate in Mayors Court; CHRISTINE DEMOUY, in her official capacity as Grand Lady of the Ladies Auxiliary, a local chapter of the Knights of Peter Clavor; BENJAMIN O. BURNS; ANTONY ST. ROMAIN; MARK TIGNER,

Defendants-Appellees.

—————————————————————————

Appeal from the United States District Court
For the Western District of Louisiana
USDC No. 02-CV-1608

—————————————————————————

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Richard Murray and his wife Barbara Murray (collectively, "Murray") sued the Town of Mansura and various local officials, raising constitutional claims under 42 U.S.C. § 1983, and alleging various state law claims. Murray claimed that his constitutional rights were violated when he was unlawfully arrested, and detained without bail for 24 hours. Murray was acquitted of those charges. In the present action, the district court dismissed Murray's federal claims and remanded the state law claims to state court. We affirm.[1]

First, Murray raises a § 1983 claim against the Town of Mansura ("Town"). Murray appears to rely on a theory of respondeat superior: that the Town should be held liable for the actions of its agent Chief of Police Phillip Lucas ("Chief Lucas"), the individual who apparently ordered the arrest of Murray. As we have repeatedly observed, a locality cannot be held liable under § 1983 solely on a theory of respondeat superior. *See Flores v. Cameron County, Tex.*, 92 F.3d 258, 263 (5th Cir. 1996). The plaintiff must allege that the locality was directly responsible for the asserted constitutional violation, because the locality had a policy or custom that led its employees to commit the constitutional violation. *See id.* Murray has not alleged any such policy or custom. Therefore, the district court properly dismissed Murray's § 1983 claim against the Town.

Second, Murray filed a § 1983 claim against Chief Lucas. Murray sued Chief Lucas in his official capacity. As a result, Murray's suit against Lucas must be treated as a suit against the Town. *See Turner v. Houma Mun. Fire & Police Civil Serv. Bd.*, 229 F.3d 478, 483 (5th Cir. 2000). Thus, Murray's claim against Lucas fails for the same reason that his claim against the Town cannot succeed: Murray has not identified a policy or custom that caused him a constitutional deprivation. *See id.* at 483 n.10.

---

[1] We also grant Murray's motion to file a reply brief in excess of the page limit.

Third, Murray brought a §1983 claim against Mark Tigner ("Tigner"), an assistant chief of police for the Town. It appears that Tigner was not properly served in the instant action. Therefore, we dismiss the claims against Tigner without prejudice. *See* FED. R. CIV. P. 4(m).

Fourth, Murray filed § 1983 claims against Harold Quebedeaux ("Quebedeaux"), the mayor of Mansura; Renee Roy ("Roy"), the magistrate who presided over Murray's criminal trial; Antony St. Romain ("Romain"), an assistant chief of police; and Christine Demouy ("Demouy"), a leader at Murray's church. Murray's claims against these defendants appear to be untimely. Under Louisiana law, a one-year statute of limitations governs § 1983 claims. *See Jacobsen v. Osborne*, 133 F.3d 315, 319 (5th Cir. 1998). In this case, Murray's cause of action against these defendants accrued (at the latest) on September 27, 1999, the day that he was acquitted of the criminal charges brought against him. Murray, however did not amend his complaint to include defendants Quebedeaux, Roy, Romain, or Demouy until July 11, 2002, well outside the limitations period.

Thus, Murray's claims against these defendants were timely only if those claims relate back to the date of his original complaint. *See id.*[2] These additional claims cannot be said to relate back. When a plaintiff adds new defendants to a complaint, the claims against the new defendants do not relate back unless certain criteria are satisfied. One criterion is that the additional defendants either "knew or should have known" that, but for a mistake about the identity of the people who caused the injury, the claims would have been brought against them in a timely manner. *See* FED. R. CIV. P. 15(c)(3). Murray has not demonstrated that he originally failed to bring claims against these defendants because of a mistake about their identity. As a result, his amended complaint against these defendants cannot be said to relate back to the original complaint. Thus, Murray's claims against

_____

[2] We assume for present purposes that Murray's initial complaint was filed in a timely manner.

-3-

these defendants were untimely. The district court properly dismissed the claims against these defendants.[3]

Fifth, the § 1983 claim against Benjamin O. Burns ("Burns"), the Murray's former attorney, must be dismissed because he is not a state actor. *See Morin*, 309 F.3d at 321.

Finally, Murray's original brief does not clearly state whether he wishes this Court to address his state law claims. Regardless, Murray has not adequately briefed these claims, and we therefore need not address them. *See Kane Enter. v. MacGregor (USA) Inc.*, 322 F.3d 371, 376 n.3 (5th Cir. 2003). We conclude that the district court correctly determined that Murray's state claims should be remanded to state court.

The motion to file a reply brief in excess of the page limit is GRANTED. The judgment of the district court is AFFIRMED.

---

[3] It appears that the claims against Roy and Demouy could also be dismissed on alternative grounds. Murray sued Roy in her capacity as acting magistrate judge. It therefore appears that she has absolute immunity from suit. *See Hodorowski v. Ray*, 844 F.2d 1210, 1212 (5th Cir. 1988) (noting that judges have absolute immunity from suits under § 1983). The § 1983 action against Demouy could be dismissed on the ground that she is not a state actor. *See Morin v. Moore*, 309 F.3d 316, 321 (5th Cir. 2002).