United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 21, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-20159
Conference Calendar

JOE GAMBOA RODRIGUEZ,

Plaintiff-Appellant,

versus

TOM OTT; ALBERT MARTINEZ MEDINA,

Defendants-Appellees.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-02-CV-1293
---------------------

Before KING, Chief Judge, and JOLLY and STEWART, Circuit Judges.

PER CURIAM:[*]

Joe Gamboa Rodriguez, federal prisoner # 60252-079, appeals the 28 U.S.C. § 1915A dismissal of his <u>Bivens</u>[**] action as frivolous. The district court determined that the suit was both untimely and barred by <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994).

Under 28 U.S.C. § 1915A, the district court is required to dismiss <u>sua</u> <u>sponte</u> any frivolous complaint filed by a prisoner

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[**] <u>Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971).

against a "governmental entity or officer or employee of a governmental entity." Rodriguez argues that dismissal under 28 U.S.C. § 1915A was error because the named defendants are two confidential informants who, though state actors for purposes of <u>Bivens</u>, were not "governmental employees" for purposes of 28 U.S.C. § 1915A.

Even if the district court's dismissal under 28 U.S.C. § 1915A was error, it was harmless. The suit is clearly time-barred. See <u>Jacobsen v. Osborne</u>, 133 F.3d 315, 319 (5th Cir. 1998) (applicable limitations period is borrowed from the forum state); <u>see</u> <u>also</u> TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (West 1999) (Texas' applicable limitations period is two years). Rodriguez's cause of action accrued at the latest on the date of his conviction in 1993, but he waited to file the instant suit until 2002, nine years later. Thus, as the district court determined, the suit is untimely, and Rodriguez does not argue that it is not. Consequently, even if the district court erred in employing 28 U.S.C. § 1915A as the procedural vehicle for its dismissal, the error was harmless, and Rodriguez has not shown otherwise. See <u>Bazrowx v. Scott</u>, 136 F.3d 1053, 1054 (5th Cir. 1998). The district court's judgment is therefore AFFIRMED.