# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 23, 2008

Charles R. Fulbruge III
Clerk

No. 07-30821
Summary Calendar

GEORGE A. BYNUM, JR.

Plaintiff-Appellant

v.

FREDRICK MENIFEE; FREDERICK JEFFERSON; T. GARROW; L. GREMILLION; MR. MONTGOMERY

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:07-CV-764

Before JONES, Chief Judge, and PRADO, and ELROD, Circuit Judges.

PER CURIAM:*

George A. Bynum, Jr., federal prisoner # 06013-078, appeals the dismissal as frivolous, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, of his civil rights action against prison officials at the U.S. Penitentiary in Pollock, Louisiana. The district court's dismissal is reviewed de novo. See Geiger v. Jowers, 404 F.3d 371, 373 (5th Cir. 2005).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Liberally construed, Bynum asserted a claim, pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), that officials violated his constitutional rights by failing to protect him from assault by a fellow inmate, as well as a claim for negligence under the Federal Tort Claims Act (FTCA). The FTCA claim was properly dismissed as frivolous because Bynum did not seek to hold liable the United States, the proper defendant for such an action. See 28 U.S.C. § 1346(b); Atorie Air, Inc. v. Fed. Aviation Admin., 942 F.2d 954, 957 (5th Cir. 1991).

The Bivens action was likewise properly dismissed as frivolous because it is time barred. See Jacobsen v. Osborne, 133 F.3d 315, 319 (5th Cir. 1998). Bynum argues that the limitations period should have been equitably tolled during the time he exhausted his administrative remedies both as to his Bivens claim and his FTCA claim and that, with the benefit of that tolling, the lawsuit was timely filed. The argument need not be addressed, however, because, even with the benefit of equitable tolling during the pendency of his prison grievance on the failure-to-protect claim, the limitations period expired prior to the date on which Bynum filed his lawsuit.

The district court's judgment is affirmed. Its dismissal of Bynum's complaint counts as a strike for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996). Bynum is cautioned that, if he accumulates three strikes pursuant to § 1915(g), he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See § 1915(g).

AFFIRMED; SANCTION WARNING ISSUED.