**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 2, 2009

Charles R. Fulbruge III
Clerk

No. 09-30043
Summary Calendar

ALFRED SEARLS

Plaintiff-Appellant

v.

INSURECO AGENCY AND INSURANCE SERVICES; AMERICAN SECURITY INSURANCE CO

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:07-CV-4250

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Alfred Searls appeals the district court's dismissal of his property-damage insurance complaint. The district court granted summary judgment against Searls because he failed to sue the defendant American Security Insurance Co. ("ASI") within the statute of limitations. We AFFIRM the district court's judgment for the same reasons.

Plaintiff filed his complaint in the district court on August 22, 2007.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

Despite numerous opportunities to serve the defendants-appellees within 120 days, *i.e.*, by December 20, 2007, the plaintiff failed to do so. On December 14, 2007, the Court ordered the plaintiff to appear before the court on January 16, 2008 and show cause why the case should not be dismissed for failure to serve the defendants. The plaintiff did not make an appearance on January 16 and the district court dismissed the complaint without prejudice on January 16, 2008 for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) and the Uniform Local Rule of the United States District Courts for the Eastern, Middle, and Western Districts of Louisiana 41.3E. On January 27, 2008, the plaintiff filed a motion for reconsideration. The district court granted the motion but ordered the plaintiff to "file evidence of service of process on defendant no later than Thursday, April 10, 2008. Failure to do so will result in the dismissal of the . . . case."

Searls made two attempts to comply with the district court's order. First, Searls filed into the record an executed return of service upon Insureco, showing that the summons and complaint had been delivered by express mail to a post office box address in Dallas, Texas on April 2, 2008. On April 16, 2008, Searls filed into the record another executed return of service upon Insureco, showing that the summons and complaint had been delivered by certified mail to an address in Orange, California on April 11, 2008.[1] Insureco timely answered the complaint on May 29, 2008. Searls then filed an amended complaint on October 1, 2008, which substituted ASI for ABC Insurance Company, a placeholder used in the original complaint for an unknown insurance company. ASI answered the amended complaint on October 31, 2008. However, it is undisputed that the statute of limitations for the plaintiff's action ran on September 1, 2007. The amended complaint was therefore filed thirteen months after the statute of

---

[1] There is no dispute that Insureco has an office at the Orange, California address.

limitations had already run. Searls contends that the amended complaint should relate back to the timely-filed original complaint pursuant to Federal Rule of Civil Procedure 15. Under Rule 15(c)(C):

> An amendment to a pleading relates back to the date of the original pleading when . . .
>> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>>> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Because Searls appeals only the dismissal of his claims against ASI on statute of limitations grounds, the pertinent issue in this appeal is whether ASI received notice of the action or "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." On appeal, Searls contends that ASI received notice of the action within the Rule 4(m) time period, *i.e.*, by April 10, 2008, because Insureco had received notice of the action within the Rule 4(m) time period and ASI and Insureco share an "identity of interest." *See Jacobson v. Police Officer Osborne,* 133 F.3d 315, 320 (5th Cir. 1998) ("[O]ur court will infer notice if there is an identity of interest between the original defendant and the defendant sought to be added or substituted."). Before we can reach the question of whether ASI and Insureco share an "identity of interest," we must first decide if the district court properly concluded in summary judgment that Insureco did not receive notice of the action within the Rule 4(m) time period.

The court reviews *de novo* the district court's award of summary judgment. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). "The

3

judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The court "view[s] all evidence in the light most favorable to the nonmoving party and draw[s] all reasonable inferences in that party's favor." *In re Katrina Canal Breaches Litig.*, 495 F.3d at 205-06. "A genuine issue of material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the non-moving party.'" *Id.* at 206 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

On appeal, Searls focuses solely on his executed return of service upon Insureco showing that the summons and complaint had been delivered by express mail to a post office box address in Dallas, Texas on April 2, 2008 as evidence that Insureco had received notice within the Rule 4(m) time-period. A person named "R. Estes" signed the receipt of delivery and thereby acknowledged timely delivery to that post office box address. In response, the defendants submitted an affidavit from Sylvia Taylor, an Insureco employee, who stated that "Insureco does not have offices in Dallas, Texas" and that "R. Estes" is not an Insureco employee. Taylor also stated that Insureco did not receive the April 2 letter until counsel presented it for review in December, 2008. In addition, Searls admits that on March 26, 2008, he had sent the same documents to the Dallas address but had not received a return-receipt. Both parties also highlight the fact that the plaintiff had sent a letter to the Dallas address in 2006, which eventually made its way to ASI some fifteen days later. We agree with the district court that, based on the record before us, there is no genuine dispute concerning a necessary and material fact to establish timely service -- that Insureco owns or can be found at the Dallas, Texas post-office box

4

address. There is no evidence that any officer or agent from Insureco could be served at the address. FED. R. CIV. P. 4(h)(1)(B). Searls' evidence only shows the simple fact that a "R. Estes" is receiving mail at the post-office box and that mail is sometimes belatedly forwarded to Insureco and ASI. Searls does not identify any record evidence from which we can reasonably infer that Insureco owns the Dallas, Texas post-office box or that R. Estes is an Insureco employee, especially in light of the unrebutted contrary evidence from Sylvia Taylor.

We therefore AFFIRM the district court's ruling.