# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 15-30411
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 30, 2016

Lyle W. Cayce
Clerk

————

JAMES JERROD SPIKES,

Plaintiff - Appellant

v.

JASON WILLIAMS; LOUISIANA STATE UNIVERSITY MEDICAL
CENTER; TOBY LEOS; BOGALUSA POLICE DEPARTMENT,

Defendants - Appellees

--------------------------------------------------------

JAMES JERROD SPIKES,

Plaintiff - Appellant

v.

JASON WILLIAMS, Security Guard; TOBY LEOS, Police Officer; KENDALL
BULLEN; WALTER REED; LEANN WAHL; BOGALUSA POLICE
DEPARTMENT,

Defendants - Appellees

————

Appeals from the United States District Court
for the Eastern District of Louisiana
USDC Nos. 2:14-CV-1895, 2:14-CV-2839

————

No. 15-30411

Before WIENER, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM:[*]

James Spikes filed two section 1983 suits alleging claims of "false arrest," "false indictments," and false imprisonment against multiple defendants.[1] All his claims in the consolidated cases arose from a single event—his arrest on August 5, 2013. Spikes did not file the first lawsuit until August 14, 2014. Louisiana's one-year prescription period for personal injury claims is incorporated as the limitations period for section 1983 claims. *See Jacobsen v. Osborne*, 133 F.3d 315, 319 (5th Cir. 1998). The district court thus dismissed both cases as untimely after considering both whether the prisoner "mailbox rule" could render the claims timely and whether any ground for tolling existed.

To the extent that Spikes's brief on appeal challenges the limitations ruling, it appears to argue that the claims did not accrue until Spikes was released from prison on May 22, 2014. But a section 1983 claims accrues when the plaintiff knows or has reason to know of the injury which forms the basis of his action. *Wallace v. Kato*, 549 U.S. 384, 388 (2007); *Jacobsen*, 133 F.3d at 319. In the context of a false arrest case like this one, the Supreme Court has held that a plaintiff could "file[ ] suit as soon as the allegedly wrongful arrest occurred." *Wallace*, 549 U.S. at 388.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Most of the defendants in this case are police officers or police departments. Spikes also named the Louisiana State University Medical Center. Spikes was brought into that hospital for treatment for a gunshot wound. It was while he was receiving treatment in the hospital that the police officers conducted their alleged search and "false arrest" of Spikes. The exact nature of Spikes's complaint against the hospital is not clear from his pleadings, but the pleadings do demonstrate that all allegations arise from the August 5, 2013 arrest.

No. 15-30411

Spikes does not challenge the district court's conclusion that even the earlier "mailbox rule" date does not make the claims timely. Indeed, Spikes signed the first complaint on August 9, 2014, more than a year after his arrest. Nor does he invoke any ground Louisiana law has recognized for tolling. And given the vast number of lawsuits we see filed from prison, his incarceration alone does not warrant tolling. The district court therefore did not err in finding that Spikes's claims are time barred.

AFFIRMED.