# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-30053
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 16, 2018

Lyle W. Cayce
Clerk

JOHN THOMAS SPURLOCK,

Plaintiff-Appellant

v.

AARON JONES; CLINT SONNIER; D. PHILLIPS; BECKY CLAY; HEATHER
HOWARD; C. MAIORANA; MARY THOMAS; JOEL ALEXANDER; S. REED;
P. BRADFORD; R. CATORIE; P. ALLMENDINGER,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:16-CV-1031

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

John Thomas Spurlock, federal prisoner # 17866-045, appeals the
dismissal of his pro se, in forma pauperis (IFP) *Bivens*[1] lawsuit as frivolous,
pursuant to 28 U.S.C. § 1915(e)(2)(B), urging that the district court erred in
determining that it was time barred.  He briefs no argument challenging the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388
(1971).

No. 17-30053

district court's dismissal of his later-raised tort claims as improperly joined and has thus abandoned any such argument. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *Brinkmann v. Dallas Cty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

We review the district court's dismissal of the civil rights claims as frivolous under § 1915(e)(2)(B) for an abuse of discretion. *Black v. Warren*, 134 F.3d 732, 734 (5th Cir. 1998). Spurlock's claims were subject to Louisiana's one-year prescriptive period. *See Jacobsen v. Osborne*, 133 F.3d 315, 319 (5th Cir. 1998). His claims accrued on January 30, 2015, *see Harris v. Hegmann*, 198 F.3d 153, 157 (5th Cir. 1999), and the instant lawsuit, filed almost 17 months later, is thus untimely on its face.

Although the limitations period was equitably tolled while Spurlock exhausted his administrative remedies, the district court correctly determined that his suit was untimely even with the benefit of such tolling. Spurlock's pleadings show that he pursued his administrative remedies to the highest level and that they were exhausted on May 16, 2015, when the General Counsel failed to respond to his BP-11 within the requisite 40-day period. *See* 28 C.F.R. §§ 542.15(a), 542.18. The instant suit, filed more than one year later, on June 28, 2016, was thus time barred.

The thrust of Spurlock's appellate argument is that the district court misconstrued § 542.18. He contends that the regulation provides only that an inmate "may consider" the absence of a reply to his administrative appeal to be a denial, not that he "must consider" it to be so, meaning that he was not required to consider his remedies exhausted or to file his lawsuit immediately. However, Spurlock provides no authority for the proposition that his administrative remedies were not exhausted despite the passage of the deadline for the General Counsel's response to his BP-11 or otherwise

2

No. 17-30053

supporting his construction of § 542.18.  His argument is refuted by the plain directive of § 542.18 and by this court's precedent.  *See Gates v. Cook*, 376 F.3d 323, 332 (5th Cir. 2004).

Accordingly, the district court's judgment is AFFIRMED.