# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 7, 2022

Lyle W. Cayce
Clerk

No. 19-30581

Philip Gibson,

*Plaintiff—Appellant*,

*versus*

Todd Barrere; Marvin Hartley; Michael Raham Singh, *Medical Doctor*; Preety Singh, *Medical Doctor*; Lindel Slater,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:16-CV-354

Before Clement, Graves, and Costa, *Circuit Judges*.

Per Curiam:*

Philip Gibson, a pro se prisoner, sued Todd Barrere, Marvin Hartley, and Lindel Slater under section 1983 for injuries he suffered after an altercation at the prison. He alleged that the officers attacked him and broke

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

his leg. The district court dismissed the suit as time-barred. We vacate and remand.

To determine the statute of limitations for section 1983 suits, we look to "the forum state's personal-injury limitations period." *Jacobsen v. Osborne*, 133 F.3d 315, 319 (5th Cir. 1998). In Louisiana, the limitations period is one year. *Id.* "In applying the forum state's statute of limitations, the federal court should also give effect to any applicable tolling provisions." *Gartrell v. Gaylor*, 981 F.2d 254, 257 (5th Cir. 1993). Under Louisiana law, filing an administrative grievance tolls the statute of limitations until the grievance is resolved. *See Harris v. Hegmann*, 198 F.3d 153, 158 (5th Cir. 1999) (per curiam).

Gibson's claim accrued when he was injured on December 1, 2014. *See Gartrell*, 981 F.2d at 257 ("Under federal law, a cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action."). In calculating the statute of limitations, the magistrate judge relied on a document showing that Gibson filed an administrative grievance fifty-nine days later, on January 29, 2015. Gibson's limitations clock thus remained tolled until July 7, 2015, when the prison responded to Gibson's grievance. At this point, according to the magistrate judge, Gibson had 306 days remaining to file his complaint, giving him a filing deadline of May 9, 2016. But Gibson did not file suit until May 16, 2016. So the magistrate judge recommended dismissing the suit as outside the statute of limitations.

Gibson objected to the magistrate judge's recommendation. He pointed out that his grievance was actually filed on December 29, 2014—one month before the date the magistrate judge used in his calculation. As part of his objection, Gibson included a copy of a grievance dated December 29, 2014, which he had not submitted to the magistrate judge. Defendants concede that if the earlier date is used, then the statute of limitations would

have been tolled for thirty additional days. Gibson's suit would have thus been timely. Nevertheless, the district court adopted the magistrate judge's recommendation and dismissed Gibson's suit without further explanation.

Gibson argues that the district court's statute-of-limitations calculation was "incorrect." We construe his argument as a challenge to the district court's disregarding his newly-introduced evidence. "[W]hen objecting to a magistrate judge's report and recommendation on summary judgment, litigants may submit additional evidence for the district court's de novo review." *Davis v. Fernandez*, 798 F.3d 290, 292 (5th Cir. 2015). The district court "has discretion to determine whether, in light of all pertinent circumstances, the new evidence should be accepted." *Id.*

Courts use four factors to determine whether to consider new evidence submitted in an objection to a magistrate judge's report: (1) the pro se status of the plaintiff; (2) the nature of the initial deficiency; (3) whether the substance of the newly-raised claim changed from the original argument and testimony, causing undue surprise to the other party; and (4) the importance of the evidence submitted in the objection. *Id.* at 293–94.

The problem is that the district court did not analyze these factors. Although the district court noted that it had "reviewed" Gibson's objection, it did not explain whether it had considered the new evidence. Nor did it explain its reasons for rejecting Gibson's objection. *See Francis v. Boeker*, 807 F. App'x 369, 370 (5th Cir. 2020) (unpublished) (vacating district court decision for failing to indicate whether it considered pro se plaintiff's newly-raised evidence); *Wright v. Smith*, 737 F. App'x 183, 186 (5th Cir. 2018) (unpublished) (reversing because district court failed to consider important new evidence submitted by pro se plaintiff). Given that we are a court of review, not of first view, we leave it to the district court to determine in the

No. 19-30581

first instance—using the factors identified above—whether to consider Gibson's new evidence.

* * *

We VACATE the judgment of the district court and REMAND for further proceedings consistent with this opinion.