# United States Court of Appeals
# for the Fifth Circuit

—————————

No. 22-30561
Summary Calendar

—————————

United States Court of Appeals
Fifth Circuit

**FILED**
July 26, 2023

Lyle W. Cayce
Clerk

WILLIAM R. ABBOTT,

*Plaintiff—Appellant*,

*versus*

LORETTA OTIS-SANDERS; SHELLEY POWER; SHELIA LYONS; N. PATTERSON; UNITED STATES BUREAU OF PRISONS; SEKOU MA'AT,

*Defendants—Appellees*.

———————————————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:22-CV-1271

———————————————————

Before JONES, HAYNES, and OLDHAM, *Circuit Judges*.

PER CURIAM:[*]

William R. Abbott, federal prisoner # 57819-083, filed an action under *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), asserting that the defendants had violated the Prison Rape Elimination Act, 34 U.S.C. § 30301, *et seq.* (PREA), and his Eighth

———————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 22-30561

Amendment right against cruel and unusual punishment by ignoring and failing to act upon his complaints that he had been sexually harassed by his cellmate. The district court dismissed the complaint as time-barred. No abuse of discretion has been shown. *See Harris v. Hegmann*, 198 F.3d 153, 157 (5th Cir. 1999); *Jacobsen v. Osborne*, 133 F.3d 315, 319 (5th Cir. 1998).

We need not reach the issue of whether *Bivens* applies to the particular facts of this case. As the Supreme Court has explained, *Bivens* is a "more limited federal analog to [42 U.S.C.] § 1983." *Hernandez v. Mesa*, 140 S. Ct. 735, 747 (2020)(internal quotations omitted). Accordingly, we refer to §1983 for aid in determining issues such as applying the statute of limitations. *See, e.g., Alford v. United States*, 693 F.2d 498, 499 (5th Cir. 1982); *see also Kelly v. Serna*, 87 F.3d 1235, 1238 (11th Cir. 1996).

Abbott argues that the district court should have applied the four-year limitation period of 28 U.S.C. § 1658(a). Under the analogous § 1983, Abbott had one year in which to file his complaint. *See Jacobsen*, 133 F.3d at 319. Insofar as Abbott sought to raise a stand-alone claim under the Prison Rape Elimination Act (PREA), he cites no case in support of his position that the PREA established a private action for such a claim.

Abbott contends that the limitation period was tolled while he exhausted his administrative remedies. *See Harris*, 198 F.3d at 157-58. Even if we assume that the limitation period was tolled during the 61 days when Abbott's untimely prison grievance proceeding was pending, the limitation period still elapsed long before Abbott filed his complaint. *See id.* at 157-58.

The district court's judgment is AFFIRMED. Abbott's motion for appointment of counsel is DENIED.