IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 28, 2007

Charles R. Fulbruge III
Clerk

No. 06-20257
Summary Calendar

GARLAND MICHAEL GREEN,

Plaintiff-Appellant,

v.

JOHN DOE; P.A. HUFF; NURSE PARKER,

Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Texas
No. 4:02-CV-2678

Before REAVLEY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Garland Green filed this 42 U.S.C. § 1983 action in July 2002, claiming an unidentified correctional officer had violated his Eighth Amendment rights. The

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court dismissed in December 2005, concluding that, even if Green were able to identify the defendant and successfully amended his complaint with defendant's actual name, the amended complaint would not relate back to his original complaint under Federal Rule of Civil Procedure 15(c); thus, the amended complaint would be time-barred by the applicable two-year statute of limitations.

Because there was specific information that should have made the identification of "John Doe" relatively easy, yet the district court denied Green's requests to conduct discovery before limitations had run, limitations has been equitably tolled. We affirm in part, reverse in part, and remand. Whether Green is able to amend his original complaint is for the district court to decide in accordance with rule 15(a).

I.

Green alleges that in June 2001, while he was incarcerated at the Goree Unit, an unidentified correctional officer ordered him to move a mattress despite Green's protestations that he was medically restricted from performing the task. Green claims that while moving the mattress he suffered a herniated disk. In July 2002, he sued under § 1983, alleging the officer had violated his constitutional rights by deliberately failing to consult his medical records before ordering him to lift the mattress. Because Green did not know the officer's name, he sued "John Doe."

In August 2002 and January 2003, Green filed motions for discovery to identify the officer. The district court denied both motions and dismissed the case as frivolous in February 2003. Green appealed, and this court remanded because the record had not been sufficiently developed, rendering the dismissal premature.

On remand, and following a hearing conducted under Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985), and Cay v. Estelle, 789 F.2d 318 (5th Cir. 1986), the

district court ordered the state to give the court the name of the officer assigned to the area where Green was housed on the date of the alleged incident. There was some confusion over where exactly in the unit Green was housed, so the state provided a shift roster for the date in question. To assist it in identifying the officer, the district court directed Green to answer interrogatories regarding the identity of the officer. The court then ordered the state to provide the names of the officers assigned, on the evening in question, to the housing area Green had described in his response to the interrogatories.

The state submitted a list of names that was filed under seal and not made available to Green; the state advised that, of the officers assigned to the housing area Green had described, none fit Green's description. One of the officers matched Green's description of age and race but not his description of height and weight.

The court then concluded that, even if Green were able to identify the correct officer, Federal Rule of Civil Procedure 15(c) would not permit him to amend his complaint and relate back to the original complaint. Because any new complaint he might bring would be time-barred, the court dismissed the claims against "John Doe."

## II.

We review the denial of a motion to amend for abuse of discretion. *Moody v. FMC Corp.*, 995 F.2d 63, 65 (5th Cir. 1993). That discretion, however, is limited by rule 15(a), which requires that "leave shall be freely given when justice so requires." *Jacobsen v. Osborne*, 133 F.3d 315, 318 (5th Cir. 1998). Whether such an amendment relates back to the date of the original pleading is governed by rule 15(c). An amendment naming a different defendant will relate back if the claim asserted arose out of the same conduct set forth in the original pleading and the new defendant, within the time provided by Federal Rule of Civil Proce-

dure 4(m), received notice of the filing of the original action so that he would not be prejudiced in presenting a defense on the merits, and the new defendant "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the [new] party." Rule 15(c)(3).

We conclude that Green does not need his amendment to relate back under rule 15(c)(3), because limitations has been equitably tolled by the abuse of discretion in denying his original motions for discovery. Thus, strict application of limitations would be inequitable, because the delay in determining the identity of "John Doe" is not attributable to Green. "The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." Lambert v. United States, 44 F.3d 296, 298 (5th Cir. 1995) (citing Burnett v. N.Y. Cent. R.R., 380 U.S. 424, 428 (1965)).

Green filed motions for discovery twice before limitations expired. The district court denied both motions and subsequently dismissed the case as frivolous. Green appealed the dismissal to this court and raised the issue of the denial of discovery. We reversed and remanded for further development of the record.

The district court followed our order and held a Spears hearing at which the issue of the identity of "John Doe" was raised. Following the hearing, the court attempted to facilitate the discovery of the identity of "John Doe" by ordering the state and Green to provide additional information. After this back-and-forth, the state identified one black male officer on duty at the time and place indicated by Green.

This information could have been discovered if Green's initial motions for discovery had been granted. They were denied, he appealed the denials, and he won on appeal. There is nothing more he could have done to determine the identity of "John Doe" within the period of limitations.

To deny Green the opportunity to amend his complaint where he has dili-

gently sought to discover the identity of "John Doe" would be tantamount to eliminating the use of a "John Doe" in bringing any suit. The only reason to sue a "John Doe" is to conduct discovery backed by the authority of the court, but where the amendment cannot relate back and the court incorrectly denies discovery, the "John Doe" has become a nullity. Although the use of a "John Doe" is disfavored, it serves the legitimate function of giving a plaintiff the opportunity to identify, through discovery, unknown defendants. See Colle v. Brazos County, Tex., 981 F.2d 237, 243 n.20 (5th Cir. 1993).

Thus, although the district court correctly notes that in Jacobsen, 133 F.3d at 321, we held that rule 15(c)(3) did not allow an amendment to replace a "John Doe" because the plaintiff had not made a "mistake concerning the proper identity," but rather "lacked knowledge of the proper party," the instant case is different. In Jacobsen, there was no justification for equitable tolling; the delays that plagued the case were the fault of the plaintiff; the defendants sought to move discovery forward Id. Plaintiff had the assistance of discovery but failed to take advantage of that power and depose witnesses in a timely manner that would have allowed him to identify the "John Doe" and amend his complaint. Id. at 317-18. Green, in contrast, sued almost eleven months before the running of the statute and, given the specificity of knowledge he had, if he had not been denied discovery he would have had sufficient time to identify the officer and amend his complaint under rule 15(a) without need to relate back under rule 15(c).

Finally, because the Texas statute of limitations is borrowed in § 1983 cases, this court also looks to Texas's equitable tolling principles. See Rotella v. Pederson, 144 F.3d 892, 897 (5th Cir. 1998). Texas permits the tolling of limitations where a plaintiff's legal remedies are precluded by the pendency of other legal proceedings. See Holmes v. Tex. A&M Univ., 145 F.3d 681, 684-85 (5th Cir. 1998). Green's legal remedy was precluded by the erroneous denial of discovery

and the subsequent dismissal of his suit as frivolous and by the refusal to provide the name of the officer ultimately identified by the state. Though the legal proceedings following the erroneous denial of discovery are not technically pendent proceedings, they are other proceedings that have precluded Green's pursuit of his claimed legal remedy.

III.

Green included state law claims against Physician Assistant Huff and Nurse Parker. When the district court dismissed the § 1983 claim against "John Doe," it declined to exercise supplemental jurisdiction over Green's claims based on state law. Green did not assert in his original brief to this court that the court had erred in refusing to maintain jurisdiction over his state law claims after it dismissed his § 1983 claim. Though we liberally construe the briefs of pro se litigants, failure to brief an argument is abandonment. Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993). Thus, Green has abandoned this argument, and the decision not to exercise supplemental jurisdiction is affirmed.

The judgment is AFFIRMED in part and REVERSED in part, and this matter is REMANDED for further proceedings as needed. We express no view on whether the underlying claim is frivolous, on whether Green should be allowed to amend, or on any other questions that may arise.