Armando ROJERO, Plaintiff,

v.

EL PASO COUNTY, Texas; Richard Wiles, Sheriff of the El Paso County Sheriff's Department; and Unknown Deputies, of the El Paso County Sheriff's Department, Defendants.

EP–16–CV–19–PRM

United States District Court, W.D. Texas, El Paso Division.

April 28, 2016

Enrique Lopez, Law Office of Enrique Lopez, El Paso, TX, for Plaintiff.

Kevin Paul McCary, El Paso, TX, for Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS

PHILIP R. MARTINEZ, UNITED STATES DISTRICT JUDGE

On this day, the Court considered Defendants El Paso County, Texas ("Defendant County"); El Paso County Sheriff Richard Wiles; and El Paso County Sheriff's Department's Unknown Deputies' ("Unknown Deputies") "Motion to Dismiss for Failure to State a Claim and Brief in Support" (ECF No. 17) [hereinafter "Motion"], filed on March 21, 2016, and Plaintiff Armando Rojero's "Response to Motion to Dismiss for Failure to State a Claim and Brief in Support" (ECF No. 21) [hereinafter "Response"], filed on April 12, 2016, in the above-captioned cause. After due consideration, the Court is of the opinion that Defendants' Motion should be granted in part and denied in part for the reasons that follow.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of an arrest involving a purported mistaken identity. Plaintiff alleges that on December 26, 2013, Unknown Deputies arrested him for an outstanding warrant. Pl.'s Am. Compl. 3, Mar. 10, 2016, ECF No. 13 [hereinafter "Complaint"]. Plaintiff further alleges that this outstanding warrant "should have been recalled" because it "had been dismissed."[1] Compl. 3. According to Plaintiff, the outstanding warrant was issued "for a different defendant having the same name as Plaintiff." Id. Plaintiff further claims that this other individual ("Plaintiff's Half–Brother") shares not only the same father with Plaintiff, but also the same name. Id.

---

1. Plaintiff does not articulate who dismissed the warrant and on what basis.

Plaintiff's Half–Brother "is believed to have stolen Plaintiff's identity." *Id.*

Once at the jail, Plaintiff claims that he repeatedly requested that the Unknown Deputies verify that his fingerprints and photo identification did not correspond with Plaintiff's Half–Brother. *Id.* Plaintiff avers that the El Paso County Sheriff's Department possessed Plaintiff's Half–Brother's fingerprints and mug shot. *Id.* Despite his efforts, Plaintiff asserts that the Unknown Deputies ignored his assertions that he was not Plaintiff's Half–Brother. *Id.* at 3–4.

Finally, Plaintiff avers that he "was detained in jail unlawfully for several hours until he posted bond." *Id.* at 4.

Plaintiff subsequently filed his original petition in Texas state court on December 18, 2015. *See* Notice of Removal Ex. A, Jan. 15, 2016, ECF No. 1. Because Plaintiff alleged that Defendants violated the Constitution, Defendants removed the instant action to federal court. *Id.* After amending his pleading, Plaintiff raises twenty counts based on 42 U.S.C. § 1983, the Texas Tort Claims Act ("TTCA"), and common law claims:

- Counts One and Two: violation of constitutional rights with demands for compensatory and exemplary damages;
- Count Three: violation of "statutory civil rights" with a demand for damages;
- Counts Four through Six: intentional inflection of emotional distress with demands for general, compensatory, and exemplary damages;
- Counts Seven through Ten: respondeat superior liability against the three named Defendants and El Paso Sheriff's Department;[2]
- Counts Eleven through Thirteen: negligence;
- Count Fourteen: negligent implementation of policy, training, and supervision;
- Counts Fifteen through Eighteen: involve false arrest or false imprisonment claims, e.g., malicious abuse of process, willful detention, lack of consent, absence of justification; and
- Counts Nineteen through Twenty: actual and exemplary damages.

For ease of clarity, the Court will address Plaintiff's counts in the following order:

- Constitutional violations (Counts One through Three);
- Negligent training (Count Fourteen);
- Intentional infliction of emotional distress (Counts Four through Six);
- Negligence (Counts Eleven through Thirteen); and
- False imprisonment (Counts Fifteen through Eighteen).[3]

## II. LEGAL STANDARD

### A. Motion to Dismiss Standard of Review

Federal Rule of Civil Procedure 12(b)(6) authorizes the dismissal of a complaint for "failure to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Davila v. United States*, 713 F.3d 248, 255 (5th Cir. 2013) (quoting *Ashcroft*

---

**2.** As Defendants note, respondeat superior are theories of liability and not causes of action. *See Kenneally v. Gulfside Supply, Inc.*, No. A–10–CA–289–LY, 2010 WL 3220672, at *2 (W.D. Tex. Aug. 13, 2010). To the extent Plaintiff has asserted these as causes of action, they will be dismissed.

**3.** Counts Nineteen and Twenty are requests for actual and exemplary Damages, respectively.

*v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)) (internal quotation marks omitted). While a complaint need not contain "detailed factual allegations" to survive a motion to dismiss, *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)) (internal quotation marks omitted), it must state "more than labels and conclusions": "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937 (quoting *Twombly*, 550 U.S. at 557, 127 S.Ct. 1955). Thus, at this stage, the Court must determine whether the well-pleaded facts in Plaintiff's Complaint, taken as true and viewed in the light most favorable to Plaintiff, are sufficient to "move [his] claim 'across the line from conceivable to plausible.'" *Leal v. McHugh*, 731 F.3d 405, 410 (5th Cir. 2013) (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955).

### B. Section 1983

 A plaintiff can establish a prima facie case under § 1983 for the deprivation of civil rights by demonstrating: (1) a violation of a federal constitutional or statutory right; and (2) that the violation was committed by an individual acting under the color of state law. *Doe v. Rains Cnty. Indep. Sch. Dist.*, 66 F.3d 1402, 1406 (5th Cir. 1995). Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights created under federal law. *Graham v. Connor*, 490 U.S. 386, 393–94, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989).

Plaintiff's lawsuit asserts violations of the constitutional rights protecting against false arrest, false imprisonment, excessive force, and failure to provide due process. *See* Compl. 1–4.

### III. DISCUSSION

#### A. Unknown Deputies

 As an initial matter, Plaintiff is suing a number of Unknown Deputies. *See* Compl. 1. A plaintiff may initiate a civil rights action against unidentified defendants when their true names are not yet known, but may later be determined. *See Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388, 390 n.2, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) (noting that the district court ordered the complaint served upon the agents that arrested the plaintiff according to the records of the United States Attorney). "Although the use of a 'John Doe' is disfavored, it serves the legitimate function of giving a plaintiff the opportunity to identify, through discovery, unknown defendants." *Green v. Doe*, 260 Fed.Appx. 717, 2007 WL 4561113, *3 (5th Cir. 2007) (citing *Colle v. Brazos Cty.*, 981 F.2d 237, 243 n.20 (5th Cir. 1993)); *see also Murphy v. Kellar*, 950 F.2d 290, 293 (5th Cir. 1992) (noting that in certain circumstances, a plaintiff should be given the opportunity through discovery to discover the identities of unnamed defendants).

 The Court may allow discovery to take place when it is possible that a plaintiff might identify unknown defendants by:

- physical descriptions,
- partial names or nicknames,
- position,
- date,
- time or specifics of the incident, or
- from duty rosters and personnel records.

*See generally Murphy*, 950 F.2d at 293 (holding that identities of unknown defendants for whom plaintiff provided physical descriptions, partial names and positions, could be determined from duty rosters and personnel records).

Therefore, the Court, at this juncture, declines to rule on the Unknown Deputies' motion to dismiss, except to the extent that, as described below, the Court explicitly dismisses certain claims as to all defendants. *See Morgan v. Cty. of Nassau*, 720 F.Supp.2d 229, 236 (E.D.N.Y. 2010). Thus, the Court denies, without prejudice, Defendants' motion to dismiss the claims against the Unknown Deputies at this time.

### B. Defendant County

#### 1. Constitutional Violations

■ A county may be held liable under § 1983 only for its own illegal acts, not pursuant to a theory of vicarious liability. *Connick v. Thompson*, 563 U.S. 51, 60, 131 S.Ct. 1350, 179 L.Ed.2d 417 (2011).

■ To succeed on a § 1983 claim, the plaintiff must establish, not only that an individual state actor violated his constitutional rights, but that "(1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a constitutional right." *Peterson v. City of Fort Worth, Tex.*, 588 F.3d 838, 847 (5th Cir. 2009) (citing *Piotrowski v. City of Hous.*, 237 F.3d 567, 578 (5th Cir. 2001)). "Official [local-government] policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Connick*, 563 U.S. at 61, 131 S.Ct. 1350; *see also Peterson*, 588 F.3d at 850.

The first element Plaintiff must satisfy in alleging a constitutional violation against Defendant County is the factual assertion that a state actor violated his constitutional rights. *See Rains Cty. Indep. Sch. Dist.*, 66 F.3d at 1406. For this analysis, the Court need not decide whether Plaintiff's allegations—such as the purported false arrest by the Unknown Deputies—rise to the level of the constitutional violations.

Instead, the Court assumes, without deciding, that Plaintiff's factual allegations are sufficient to assert violations of the constitutional rights protecting against false arrest, false imprisonment, excessive force, and failure to provide due process. *See* Compl. 1–4. In order to survive the motion to dismiss, Plaintiff's allegations must provide sufficient factual support for the existence of a formal or informal policy that was the moving force behind each alleged constitutional violation. *See Leal*, 731 F.3d at 410.

■ Here, Plaintiff fails to cite to any specific policy that "was the moving force behind the violation of a constitutional right." *See Peterson*, 588 F.3d at 847. Plaintiff's only assertion that any defendant implemented any policy is found in Count Fourteen—negligent training. *See* Compl. 8–9. Specifically, Plaintiff alleges that "Defendants did not use the proper implementation of policy, training and/or supervision." *Id.* at 8. "As a proximate result of Defendants negligence [sic], unlawful arrest, and unlawful imprisonment, and non-implementation of proper policy, training and/or supervision," Plaintiff suffered various injuries. *Id.* at 8–9.

However, Plaintiff's allegations are nothing more than a formulaic recitation of negligence. These statements fail to identify any particular policy, but, more fundamentally, neither state whether the infringing policy or policies were formal written policies, decisions by policy-makers, or persistent and widespread practices. Indeed, Plaintiff's Complaint focuses on the single incident in which he was involved, rather than suggesting a persistent and widespread practice. *See id.* Furthermore, Plaintiff failed to plead facts connecting the offending policy or policies to *each* alleged constitutional violation.

Thus the Court will dismiss Plaintiff's claims against Defendant County for alleged constitutional violations.

### 2. Negligent Training

Although courts have recognized that the failure to train or to supervise employees may give rise to local-government liability under § 1983, they have done so in very limited circumstances. *See Connick*, 563 U.S. at 61, 131 S.Ct. 1350; *Zarnow v. City of Wichita Falls, Tex.*, 614 F.3d 161, 169, 170 (5th Cir. 2010). In fact, the Supreme Court has cautioned, "[a local government's] culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." *Connick*, 563 U.S. at 61, 131 S.Ct. 1350.

 A plaintiff must show that: "(1) the training procedures were inadequate; (2) the [county's] policymaker was deliberately indifferent in adopting the training policy; and (3) the inadequate training policy directly caused [the plaintiff's] injury." *Carnaby v. City of Hous.*, 636 F.3d 183, 189 (5th Cir. 2011). In order to show deliberate indifference by a local government, a plaintiff must generally show a pattern of similar constitutional violations by untrained employees. *Connick*, 563 U.S. at 62–63, 131 S.Ct. 1350. "Allegations of an isolated incident are not sufficient to show the existence of a custom or policy." *Fraire v. City of Arlington*, 957 F.2d 1268, 1278 (5th Cir. 1992); *see also Piotrowski*, 237 F.3d at 582.

 Here, Plaintiff failed to state sufficient facts to indicate the plausibility of his negligent-training claims against Defendant County. *See Twombly*, 550 U.S. at 555, 127 S.Ct. 1955. Again, Plaintiff merely recites elements of negligence without any sufficient facts. *See* Compl. 1–4. The allegations are too vague to raise more than the sheer possibility that an official policy

was the moving force behind the violation of his constitutional rights, which is not enough to state a claim under *Twombly* and *Iqbal.*

Therefore, the Court will dismiss any negligent training claims against Defendant County.

### 3. Torts

 As an initial matter, the TTCA precludes suits against both a governmental entity[4] and its employees when both actions involve the same subject matter. Tex. Civ. Prac. & Rem. Code Ann. § 101.106(a). Since Plaintiff elected to sue Defendant County and its employees—Defendant Wiles and Unknown Deputies—for acts arising out of the same actions, transactions, or occurrences, Plaintiff is deemed to have irrevocably elected to proceed against the governmental entity only. *See id.; see also Flores v. Sanchez*, No. EP–04–CA–056–PRM, 2005 WL 1404163 at *3 (W.D. Tex. June 14, 2005). Plaintiff's election to sue Defendant County and its employees requires dismissal of the tort claims against all individual defendants, including Defendant Wiles.

Now, the Court will turn its attention to Plaintiff's tort claims against Defendant County. Plaintiff brings tort claims against Defendant County: intentional infliction of emotional distress, false imprisonment, negligent training, and negligence. *See* Compl.

 The TTCA provides only limited situations in which a governmental entity may waive its sovereign immunity under Texas law. *See id.* § 101.021. Section 101.057(2) of the TTCA provides that the waiver of immunity does not apply to a claim arising out of any intentional tort. *See id.* § 101.057(2); *see also Goodman v. Harris Cty.*, 571 F.3d 388, 394 (5th Cir.

---

4. Texas law regards Defendant County, a Texas County, as a "governmental unit" covered by the TTCA. Tex. Civ. Prac. & Rem. Code Ann. § 101.001(3)(B).

2009). Thus, Plaintiff's IIED and false imprisonment claims fail. Also, "[t]he TTCA is also not the appropriate vehicle for claims of negligent failure to train or supervise." *Goodman*, 571 F.3d at 394 (citing *Tex. Dep't of Pub. Safety v. Petta*, 44 S.W.3d 575, 580 (Tex. 2001)); *see also* Tex. Civ. Prac. & Rem. Code § 101.021(2). Therefore, Plaintiff's TTCA negligent training claim also fails.

■ In addition, the Court will dismiss Plaintiff's remaining negligence claim against Defendant County. The TTCA requires that Plaintiff provide Defendant County with notice "not later than six months after the day that the incident giving rise to the claim occurred." *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.101(a). Plaintiff's purported false arrest occurred on December 26, 2013. Compl. 3. Yet, almost two years later, Plaintiff filed the instant action on December 18, 2015. *See* Notice of Removal Ex. A. Plaintiff's Complaint is bereft of any allegation that purportedly gave notice to Defendant County within the statutory-six-month window.

Consequently, the Court will dismiss all tort claims against Defendant County.

### C. Defendant Sheriff Wiles

#### 1. Individual or Official Capacity

■ Plaintiff fails to specify in his Complaint whether Defendant Wiles is sued only in his official capacity or, instead, in both his official and individual capacity. "In many cases, the complaint will not clearly specify whether officials are sued personally, in their official capacity, or both. 'The course of proceedings' in such cases typically will indicate the nature of the liability sought to be imposed." *Kentucky v. Graham*, 473 U.S. 159, 167 n.14, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985). Individual–capacity suits seek to impose liability upon a government official as an individual while official-capacity suits "generally represent only another way of plead-

ing an action against an entity of which an officer is an agent." *Monell v. Dept. of Soc. Serv.'s of N.Y.C.*, 436 U.S. 658, 690 n. 55, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Thus, "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. It is not a suit against the official personally, for the real party in interest is the entity." *Graham*, 473 U.S. at 166, 105 S.Ct. 3099 (citation omitted).

■ Pursuant to Texas law, a plaintiff can only sue a county sheriff in his or her individual capacity. *See Morris v. Copeland*, 944 S.W.2d 696, 698–99 (Tex. App.–Corpus Christi 1997, no writ); *Doe v. Angelina Cty., Tex.*, 733 F.Supp. 245, 259 (E.D. Tex. 1990) (dismissing false imprisonment claim against county sheriff in his official capacity). Viewing the Complaint in the light most favorable to Plaintiff, the Court will presume that Plaintiff is bringing a claim against Defendant Wiles in his individual capacity. *See Leal*, 731 F.3d at 410.

#### 2. Qualified Immunity–Individual Capacity

Plaintiff asserts § 1983 claims of excessive force and false arrest against Defendant Wiles. *See* Compl. 1. Defendant Wiles argues that he is entitled to qualified immunity with respect to these claims.

■ The qualified immunity defense serves to shield government officials performing discretionary functions "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Kinney v. Weaver*, 367 F.3d 337, 349 (5th Cir. 2004) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)). When considering a qualified immunity defense raised in the context of a Rule 12(b)(6) motion to dismiss, the Court must determine whether

"the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity." *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012) (quoting *Wicks v. Miss. State Emp't Servs.*, 41 F.3d 991, 994 (5th Cir. 1995)). "Thus, a plaintiff seeking to overcome qualified immunity must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity." *Backe*, 691 F.3d at 648.

To state a § 1983 claim, the plaintiff must show the alleged violation of the Constitution or of federal law was committed by someone acting under color of state law. *Atteberry v. Nocona Gen. Hosp.*, 430 F.3d 245, 252–53 (5th Cir. 2005). Plaintiff alleges that Defendant Wiles "acted under the color of authority of the law of the State of Texas." Compl. 2. In his Motion, Defendant Wiles never refutes he was acting under the color of state law. *See generally* Mot.

### 3. Supervisory Role

 Despite the fact that Defendant Wiles's conduct was under the color of state law, he seeks dismissal on Plaintiff's claims on the basis of qualified immunity. "Under section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability." *Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987) (citations omitted). "A supervisory official may be held liable ... only if (1) he affirmatively participates in the acts that cause the constitutional deprivation, or (2) he implements unconstitutional policies that causally result in the constitutional injury." *Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011) (quoting *Gates v. Tex. Dep't of Prot. & Reg. Servs.*, 537 F.3d 404, 435 (5th Cir. 2008)). Defendant Wiles, the Sheriff of El Paso County, acts as the supervisor for the Unknown Deputies.

 Significantly, Plaintiff does not contend that Defendant Wiles "affirmatively participate[d] in the acts that cause[d] the [alleged] constitutional deprivation[s]." *See id.* Therefore, Defendant Wiles can only be liable under § 1983 if:

(1) the sheriff failed to train or supervise the officers involved;

(2) there is a causal connection between the alleged failure to supervise or train and the alleged violation of the plaintiff's rights; and

(3) the failure to train or supervise constituted deliberate indifference to the plaintiff's constitutional rights.

*Thompson v. Upshur Cty., TX*, 245 F.3d 447, 459 (5th Cir. 2001). To "establish supervisor liability for constitutional violations committed by subordinate employees, plaintiffs must show that the supervisor act[ed], or fail[ed] to act, with *deliberate indifference* to violations of others' constitutional rights committed by their subordinates." *Id.* (quoting *Gates*, 537 F.3d at 435) (emphasis and alterations in original). "A failure to adopt a policy can be deliberately indifferent when it is obvious that the likely consequences of not adopting a policy will be a deprivation of constitutional rights." *Id.* (quoting *Rhyne v. Henderson Cty.*, 973 F.2d 386, 392 (5th Cir. 1992)).

 Plaintiff has not alleged that Defendant Wiles implemented unconstitutional policies that caused a constitutional violation, or that he acted or failed to act with deliberate indifference. *See id.* Moreover, Plaintiff has not alleged facts demonstrating that Defendant Wiles is liable. Consequently, Defendant Wiles is entitled to qualified immunity on Plaintiff's supervisory liability claim. *See Gates*, 537 F.3d at 436 (affirming qualified immunity for supervisor). Therefore, any claims against Defendant Wiles are dismissed.

## D. El Paso Sheriff's Department

 "[T]he controlling principle as to who is a party to a complaint" is "Fed. R. Civ. P. 10(a) [, which] provides that all parties must be listed in the *caption* of the complaint." *Jones v. Louisiana*, 764 F.2d 1183, 1185 (5th Cir. 1985) (emphasis in original).

Here, Plaintiff has brought two claims, Counts Eight and Twelve, against the El Paso Sheriff's Department for respondeat superior and negligence.[5] Yet, Plaintiff neither listed the El Paso Sheriff Department nor named it in the "paragraph in the body of the complaint that lists the defendants." *See id.*; *see also* Compl. 1. In addition, Plaintiff never served the El Paso Sheriff's Department. Therefore, the Court will dismiss Counts Eight and Twelve.[6]

## IV. CONCLUSION

Because Plaintiff has failed to state a claim against Defendant County and Defendant Wiles, the Court will dismiss any claims against these defendants. Nevertheless, the Court will not rule on any claims against Unknown Deputies until they are properly identified and served.

**IT IS ORDERED** that Defendants El Paso County, Texas, El Paso County Sheriff Richard Wiles, and El Paso County Sheriffs Department's Unknown Deputies' "Motion to Dismiss for Failure to State a Claim and Brief in Support" (ECF No. 17) is **GRANTED IN PART AND DENIED PART.**

**IT IS FURTHER ORDERED** that Plaintiff be allowed reasonable discovery, sufficient to ascertain the identities of the Unknown Deputies who were involved in the alleged arrest and subsequent detention of Plaintiff. Such discovery should be

completed and an amended complaint filed within 90 days of the date of entry of the order allowing such discovery. The Court expects that counsel for the named Defendants will cooperate fully with the Plaintiff's discovery efforts.

---

5. *See supra* note 2.

6. Plaintiff's claims against the El Paso Sheriffs Department appear superfluous given that

he brings these exact claims of respondeat superior and negligence against Defendants County, Wiles, and the Unknown Deputies in other counts. *See* Compl. 5–9.