# United States Court of Appeals for the Fifth Circuit

No. 25-30465

United States Court of Appeals
Fifth Circuit

**FILED**
March 23, 2026

Lyle W. Cayce
Clerk

CHARLES EDWARD TAYLOR,

*Plaintiff—Appellant*,

*versus*

HARRY J. MOREL, JR.; KURT F. SINS, *Assistant District Attorney*; JOEL T. CHAISSON, *Judge*; GREG CHAMPAGNE, *St. Charles Parish Sheriff*; ANTHONY AKINS, *Detective*; ST. CHARLES PARISH SHERIFF'S OFFICE,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:25-CV-291

_____

Before RICHMAN, SOUTHWICK, and WILLETT, *Circuit Judges*.

PER CURIAM:[*]

Pro se appellant Charles Edward Taylor appeals the district court's dismissal of his complaint as frivolous and for failure to state a claim. He additionally appeals the denial of his motion to alter or amend the judgment. We affirm.

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 25-30465

## I

Taylor was convicted in state court of distributing cocaine in 1991. The detective involved in his case was later dismissed for mishandling evidence in other cases. Taylor moved for a new trial, and his motion was denied.

Nearly thirty-five years later, Taylor sued the judge, district attorney, assistant district attorney, sheriff, and detective involved in his case under 42 U.S.C. § 1983 for violating his Fourteenth Amendment rights. The magistrate judge recommended his complaint be "dismissed with prejudice for being frivolous and for failure to state a claim under Rule 12(b)(6)" due to being time-barred. The district court adopted the magistrate judge's report and recommendation over Taylor's objections and dismissed the complaint with prejudice.

Taylor filed a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). The district court denied the motion. Taylor timely appealed.

## II

In his brief on appeal, Taylor argues he alleged "ongoing enforcement actions" that "are not time-barred" because "he alleged that [d]efendants continue to maintain levies, issue enforcement demands, and threaten additional seizures against his S[upplemental ]S[ecurity ]I[ncome]-derived funds." These allegations do not appear in his complaint. Taylor raises two more arguments about his Supplemental Security Income (SSI) benefits on appeal. Taylor made no arguments regarding SSI benefits below.

"Although we liberally construe briefs of *pro se* litigants . . . *pro se* parties must still brief the issues and reasonably comply with the standards of

2

No. 25-30465

[Federal] Rule [of Appellate Procedure] 28."[1]  "A party forfeits an argument by failing to raise it in the first instance in the district court—thus raising it for the first time on appeal—or by failing to adequately brief the argument on appeal."[2]

Because Taylor raises his arguments regarding SSI benefits for the first time on appeal, he has forfeited these arguments.  Since he does not raise any challenge to the district court's determination that his complaint was frivolous and the § 1983 claims he alleged in his complaint are time-barred, he has likewise abandoned any challenge to the dismissal of his complaint on that basis.  Finally, by failing to raise any arguments about the denial of his Rule 59 motion, Taylor has forfeited any challenge to it.

*     *     *

For the foregoing reasons, we AFFIRM the district court's dismissal of the complaint and denial of the motion to alter or amend the judgment.

---

[1] *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995).

[2] *Rollins v. Home Depot USA*, 8 F.4th 393, 397 (5th Cir. 2021); *see also Green v. Doe*, 260 F. App'x 717, 720 (5th Cir. 2007) ("Though we liberally construe the briefs of *pro se* litigants, failure to brief an argument is abandonment.").